[No. 12938. Department Two. — July 24, 1891.]

P. E. G. ANZAR, Respondent, *v.* HENRY MILLER ET AL., Appellants.

Mexican Grant — Failure to Present Claim to Board of Land Commissioners — Forfeiture — Judicial Possession. — A Mexican grant, whether perfect or not, which was not presented to or confirmed by the United States board of land commissioners, is forfeited, and confers no title, although judicial possession was given thereunder to the original grantee.

Id. — Imperfect Grant — Title from United States — Patent — Statute of Limitations. — The fee of lands held under an imperfect Mexican grant is in the United States, and vests in the patentee for the first

time upon the issuance of a patent, and the statute of limitations does not commence to run against the claimant until the patent is issued to him.

ID. — EJECTMENT — LIMITATIONS — LACHES. — In an action to recover the possession of land, where the plaintiff asserts no equitable rights, the statute of limitations, and not the doctrine of laches, generally furnishes the rule by which to determine whether the delay to assert the right is fatal to the action.

APPEAL from a judgment of the Superior Court of San Benito County.

The facts are stated in the opinion.

*Olney, Chickering & Thomas,* for Appellants.

*William Reade,* for Respondent.

TEMPLE, C. — Defendants appeal from the judgment and an order refusing a new trial.

This action is brought under sections 738 and 380 of the Code of Civil Procedure to try title to and recover possession of 28.41 acres of land in the county of San Benito.

The plaintiff derives title under a patent from the United States in confirmation of a grant made by a prefect to Mariano Castro, May 19, 1839. The defendant claimed under a grant to one José Modesto, an Indian, dated March 23, 1843. Judicial possession was given to Modesto, March 28, 1843.

Defendants also plead the statute of limitations. The claim of Modesto was never presented to the United States board of land commissioners for confirmation. On the trial the defendants relied upon the grant to Modesto and the judicial possession as a perfect grant, not forfeited by non-presentation; but since this appeal was taken, the supreme court of the United States, in the case of *Botiller* v. *Dominguez,* 130 U. S. 238, declared that all Mexican grants, whether perfect or not, must have been presented to the land commissioners on pain of

forfeiture.   The only defense left is, therefore, the plea
of the statute.

· In addition to their claim under Modesto, the de-
fendants also procured a patent from the state of Cali-
fornia, to which the lands had been listed by the United
States.

Of the defendant's possession it is sufficient to say,
that since 1861 they have maintained an adverse pos-
session of the demanded premises, sufficient in all
respects to constitute a bar under the statute, if the
plaintiff's title could thus be barred prior to the issuance
of the patent.

The grant to Castro was for a plat of ground one hun-
dred varas front and two hundred varas deep, a square
of one hundred varas in front of his house, " being the
spot which is occupied by his garden and the four pieces
of land (*suertes de tierra*) which he cultivates on the
Ricon de Pajaro, without detriment, however, to the In-
dians, who there have lands which have been granted to
them."

The Ricon de Pajaro contained about one hundred
acres of land, and the evidence seems to show that Cas-
tro cultivated different portions in different years.

The grant was therefore an imperfect grant, and it
has been held repeatedly that in such cases the fee was
in the United States, and vested in the patentee for the
first time upon the issuance of the patent.   This precise
question was presented in *Gardiner* v. *Miller*, 47 Cal.
570, and was there fully considered, and a conclusion
reached which has since been uniformly adhered to, and
we are entirely satisfied with it.

It is there said: " The grant had passed a present and
immediate interest in the general tract, to the extent of
the quantity designated; but that quantity had to be
segregated, and until the segregation, the title attached
to no particular part of the premises.   The principal
question, therefore, is, whether the statute then com-

menced to run against the right of the government thus to segregate and perfect the grantee's interest. . . . . By the patent thus issued, the government divested itself of any interest in the tract described, and thereby the legal title to the particular tract became, for the first time, vested in the grantee under Sutter."

It was therefore held that inasmuch as the statute could not run against the title while held by the United States, it did not commence to run against the claimant until the patent issued to him.

The same ruling was made in *Henshaw* v. *Bissell*, 18 Wall. 255.

Some doubt is supposed to have been raised upon this question by some remarks of Mr. Justice Fox in *Norris* v. *Moody*, 84 Cal. 143. This part of Justice Fox's opinion, however, did not receive the approval of a majority of the court, and it is obvious from what has been said that the ground upon which it is held that the statute does not begin to run until the patent issues is, not because of any qualification in the statute, but because, the fee being in the United States, such statute cannot affect it; and it may be added, because such statute, so construed, would be violative of the treaty under which the United States acquired the country.

In *San José* v. *Trimble*, 41 Cal. 536, which is relied upon here, it is intimated that a grantee may be barred by the statute as to the right he has before the patent, and that he may acquire a new right by the patent; and the intimation is, that in such case the new right is not barred. A similar idea is advanced in *Hayes* v. *Martin*, 45 Cal. 559. These cases are not favorable to appellant.

We are not called upon to express an opinion as to the operation of the statute upon a perfect grant in which the title was not in the United States, or as to the grants the survey of which had been approved under the act of Congress passed June 14, 1860.

There is nothing in the case to raise any question of

laches.   The plaintiff asserts no equitable rights, and whatever may be said as to the form of the action, it is simply to recover land.   In such case the statute of limitations generally furnishes the rule by which to determine whether the delay to assert the right is fatal.

We think the judgment should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.