JAMES THOMAS, ALIAS ED. MORSE, v. THE STATE.

No. 1737.    Decided May 17, 1899.

1.  **Forgery—Unstamped Instrument.**

An instrument in the form of an order to pay money, and which under the Federal statutes is required to be stamped, is not per se void for the want of the stamp, and all the authorities, English and American, hold that an unstamped instrument of this character is the subject of forgery.

2.  **Power of Congress to Regulate Evidence in State Courts.**

The United States Congress has no power to regulate the introduction of evidence in the State courts.

APPEAL from the District Court of Harrison.    Tried below before Hon. W. J. GRAHAM.

Appeal from a conviction for forgery; penalty, two years imprisonment in the penitentiary.

The alleged forged instrument, as set out in the indictment, read as follows, viz: "Nov. the 8th, 1898. Mr. Womack, please pay to Ed Morse the sum of forty-eight 48.00 dollars and charge it to me. Harry Smith."

Defendant filed a motion to quash the indictment because the instrument declared on was not a subject of forgery, in that it had no revenue stamp upon it. This motion was overruled.

*Scott & Jones,* for appellant.—The instrument charged to be the subject of forgery in this case was not such an instrument as could be the subject of forgery, and the motion to quash the indictment should have prevailed, and the prosecution should have been dismissed.

The instrument described in the bill of indictment was absolutely void, as it had no internal revenue stamp on the same, and was not the subject of forgery.

The court erred in allowing the instrument to be introduced in evidence over the objection of the appellant, because the internal revenue law provides that no order, such as set out in the bill of indictment, can be introduced in evidence, unless provided with an internal revenue stamp.

In explanation of the cases cited by Mr. Bishop in his work on Criminal Law, in which it is held that at common law it is unnecessary for an instrument to be stamped in prosecution for forgery, we beg to call attention to the fact that the definition of forgery as laid down by that author, volume 1, section 572, is quite different from the statutory definition of the crime, the common law definition being: "It is the false making, or material alteration, with intent to defraud, of any writing, which if genuine might apparently be of legal efficacy, or the foundation of a legal liability."

We beg to call the attention of the court to the case of Green v. Holloway, 3 American Reports, page 339.

We take the position that a promissory note, bank check, or order for the payment of money, becomes a statutory instrument if executed since the 1st day of July, 1898, and that it being a statutory instrument, that it must be complete within itself, or it can not be the subject of forgery. The war revenue law, on page 13, provides that "Bank checks * * * or order for the payment of any sum of money * * * shall have a two-cent adhesive stamp on the same." Section 13 of the said law provides: "Such instrument, document, or paper, not being stamped according to law, shall be deemed invalid and of no effect." Now we say if this is legal, and the court should hold that Congress has the power to collect revenue, and in so collecting revenue it declares that an unstamped instrument is void, that then this prosecution falls within the rule laid down in the case of Caffey v. State, 36 Texas Criminal Reports, 198. The effect of this law is to make all instruments set out or mentioned in this revenue law statutory instruments, and incomplete unless provided with a revenue stamp.

*John B. Carter,* District Attorney, and *Robt. A. John,* Assistant Attorney-General, for the State.—An indictment in a State court may be pre-

ferred and maintained upon an unstamped forged order or other writing. 2 Bish. New Crim. Law, 8 ed., sec. 540, note 5.

There was no error in the court's ruling in admitting said order in evidence, for this: it is beyond the power of Congress to interfere with the rules of evidence in the State courts, said act attempting to prescribe rules of evidence for State courts, and if same is held to attempt to do so, same is in contravention of State rights and unconstitutional. 1 Dan. Neg. Inst., 3 ed., sec. 126, note 1.

The instrument was not declared void ab initio by the Act of Congress of 1898, and therefore it possessed all the attributes of an instrument which, if true, would have created a pecuniary liability.

The Act of Congress as to the rules of evidence applies only to Federal courts, and not the State courts. And unstamped instruments will be admitted in evidence in State courts regardless of said act. Daily v. Croker, 33 Texas, 815; Jacobs v. Spofford, 34 Texas, 152; Gregg v. Fitzhugh, 36 Texas, 128; Green v. Holoway (Mass.), 3 Am. Rep., 339; Sommers v. Halloway, 4 Am. Rep., 465, 21 Mich., 162; Burson v. Huntington, 4 Am. Rep., 497, 21 Mich., 415; Duffey v. Hobson, 6 Am. Rep., 617, 40 Cal., 240; Moore v. Moore, 7 Am. Rep., 466, 47 N. Y., 467; Moore v. Quirk, 7 Am. Rep., 499, 105 Mass., 49; Bumpers v. Taggert, 7 Am. Rep., 623, 26 Ark., 368; Davis v. Richardson, 7 Am. Rep., 732, 45 Miss., 499; Croker v. Foley, 13 Allen, 376; Holyoke v. Franklin Co., 97 Mass., 150; Vaughan v. O'Brien, 57 Barb., 491; Blunt v. Bates, 40 Ala., 470; Dorris v. Grace, 25 Ark., 326.

HENDERSON, JUDGE.—Appellant was convicted of uttering a forged instrument, and his punishment assessed at confinement in the penitentiary for a term of two years, and he appeals.

The only question urged by appellant for reversal is that the alleged forged instrument did not have the required internal revenue stamp on it, the instrument being in the form of an order to pay money. The contention of appellant is that said instrument is void on account of the Federal statute requiring such an instrument to be stamped, and that, unless it is stamped, it shall be deemed invalid, and of no effect; and that it is further provided that any such instrument, if executed since July 1, 1898, and not stamped with a stamp, shall not be admissible in evidence. We understand the act in question was for the purpose of levying and collecting a tax on all instruments required under the act to be stamped, and no doubt Congress would have the right to say that no instrument required under the act to be stamped should be used in evidence in any proceeding in any Federal court unless it contained the required stamp. But we do not believe Congress would have the power to regulate the introduction of evidence in State courts. Nor do we doubt the power of Congress to require stamps to be placed on certain enumerated instruments,—among them the instrument in question,—and to provide a penalty for the failure to stamp such an instrument, and to punish all persons failing to comply with the stamp act under proper proceedings

in the Federal court.    But we do not believe the act in question was intended to invalidate and make absolutely void orders for money, such as the one in question, unless the same should be properly stamped.    To hold otherwise would be to interpolate a new provision of law outside of our statutes on the subject of forgery, and authorize the federal statutes on the subject to control the matter.    This is not like the case of Caffey v. State, 36 Texas Criminal Reports, 198, referred to by appellant, in which the instrument was a creature of our law; and we held in that case that the instrument was not complete, so as to import an obligation.    Here the instrument was complete in form, and under our law and commercial usage does import an obligation.    The Federal statutes themselves do not seem to treat the instrument without a stamp as absolutely void, but authorize it to be subsequently stamped on certain proof; so that the instrument in question unstamped is apparently of some legal efficiency, and, as far as the same is concerned, the stamp is an extrinsic matter, and, as stated above, is authorized under Federal statutes, under certain circumstances, if unstamped, to be stamped.    All the authorities, English and American, hold such an unstamped instrument the subject of forgery. 2 Bish. Crim. Law, sec. 540, and authorities there cited; 2 McClain Crim. Law, sec. 758, and authorities there cited.    And we particularly refer to the following cases:    Cross v. People, 47 Ill., 152; State v. Hill, 30 Wis., 416, which overrules the former case of John v. State, 23 Wis., 504; Laird v. People, 61 Md., 309; State v. Young, 47 N. H., 402.    There being no error in the record, the judgment is affirmed.

*Affirmed.*