[Civ.·No. 2154.   Third Appellate District.—December 3, 1920.]

JAMES PEARDON, Respondent, v. HENRY C. MARK-
LEY, Appellant.

[1] VENDOR AND VENDEE—SALE OF STOCK RANCH—MISREPRESENTATION
AS TO LOCATION OF SPRING—RESCISSION—MISTAKE AND FAILURE
OF CONSIDERATION—PLEADING.—In an action for rescission of the
purchase of a tract of land, a complaint showing that plaintiff
negotiated with defendant for the purchase of a stock ranch, that
defendant represented that a certain valuable spring was a part
of said ranch, that plaintiff relied upon said representation and
would not have purchased the property without said spring, that
shortly after the sale plaintiff ascertained that defendant did not
own the spring, and the place not being adapted to his use with-
out said water, plaintiff immediately proceeded to rescind the
contract, states facts sufficient to justify the court in granting
relief on the ground of mistake and failure of consideration.

[2] ID.—EXTENT OF PURCHASE—DUTY OF VENDEE TO MAKE INDEPEN-
DENT INVESTIGATION.—The attention of the vendee not having been
directed to any fact or circumstance inconsistent with the represen-
tations of the vendor, and it not having been apparent that the
spring was not included within the boundaries of the proposed
purchase, the vendee was not required to make an independent in-
vestigation in order to ascertain the extent of such purchase but
had a right to rely upon the representations of the vendor.

[3] ID.—MAKING OF REPRESENTATIONS BY DEFENDANT—EVIDENCE.—In
this action for rescission of the purchase of certain land on the
ground of mistake and failure of consideration, the evidence was
sufficient to show that the representations in question were made
by defendant, they having been made by his authorized represen-
tative.

[4] ID.—RESCISSION—INSUFFICIENCY OF TENDER OF DEED—WAIVER OF
OBJECTION.—The objection that the tender of a deed, made by
the vendee at the time he notified the vendor of his rescission of
the purchase and demanded his money back, was not formal
enough is waived by the failure of the vendor to specify that ob-
jection at the time.

[5] ID.—FAILURE TO PROFFER DEED—LACK OF PREJUDICE.—The vendor
is not prejudiced by the failure of the vendee to proffer a deed
of the property at the time he notifies the vendor of his rescis-
sion of the purchase and demands his money back, where the
vendor would have refused any tender, however complete.

APPEAL from a judgment of the Superior Court of
Yuba County.   E. P. McDaniel, Judge.   Affirmed.

The facts are stated in the opinion of the court.

A. H. Hewitt for Appellant.

W. H. Carlin for Respondent.

BURNETT, J.—The action was for rescission on the ground of mistake and failure of consideration, and plaintiff prevailed in the court below.

After alleging that plaintiff desired to purchase a tract of land for grazing purposes, and entered into negotiations with defendant to buy 160 acres, describing it, the complaint proceeds: "And thereupon at defendant's request plaintiff went to the vicinity of said land and defendant pointed out to plaintiff a tract of land adjoining said land above described upon which there was and is a spring of living water flowing each and every year not less than five inches measured under a four inch pressure during the dry season of each and every year, and defendant then and there positively stated to plaintiff that said lands so pointed out containing said spring aforesaid was the land above described and was the land then owned by defendant. Plaintiff had no means of knowing the location of defendant's said lands other than said information imparted to him by defendant as aforesaid. And thereafter, on the ninth day of July, 1917, and relying entirely upon said statement made by defendant as aforesaid, and solely because thereof, plaintiff did purchase said lands and premises above described from defendant and did receive the deed therefor, and did then and there on said date last named pay to defendant for said lands and premises the sum of sixteen hundred dollars, fully believing that the said lands and premises pointed out to plaintiff as aforesaid contained said spring of living water.

"Said lands were purchased by plaintiff solely for grazing purposes and without living water thereon plaintiff would not have purchased said lands.

"After the purchase of said lands plaintiff continued to believe they were the identical lands pointed out to him as aforesaid and continued in such belief until on or about the 12th of January, 1918, when . . . for the first time he

learned that the lands and premises pointed out to him
by defendant as aforesaid were not the lands above described
and were not the lands which he believed he purchased
at the time of the execution of said deed aforesaid but
were lands adjoining the same; and he then and there
learned that the lands hereinbefore mentioned and which
were described in and granted by said deed aforesaid did
not and do not contain any spring or any living water at
all, and as a matter of fact during the dry season of each
and every year said lands above described are entirely dry,
devoid of living water, and entirely unfit for grazing or
any other useful purposes and of no value to plaintiff,
and of very little, if any value at all.'' Then follows an
allegation that after said discovery plaintiff offered to re-
transfer the property to defendant and demanded a return
of the sixteen hundred dollars paid as aforesaid.

[1] A general demurrer to the complaint was interposed
and overruled. It was submitted without argument. Prob-
ably appellant had little faith in his position or he would
have tried to convince the court that there was merit in
the demurrer. He has apparently acquired more confidence,
as he makes in this court elaborate contention that the com-
plaint does not state a cause of action. His attack, how-
ever, is based upon the hypothesis that plaintiff sought re-
lief on the ground of fraud, and the burden of appellant's
criticism is that the complaint is fatally defective because
there is no allegation that the representation was made with
knowledge that it was false or that there was an intent
to deceive. No doubt, appellant is right in his theory of
the material averments of a complaint to set aside a trans-
action for the reason that it has been induced by fraud.
But respondent bases his action upon the ground of mistake
and failure of consideration. It is really an action under
section 1689 of the Civil Code for rescission, providing that,
''a party to a contract may rescind the same . . . : 1. If
the consent of the party rescinding . . . was given by mis-
take . . . ; 2. If through the fault of the party as to whom
he rescinds the consideration for his obligation fails, in
whole or in part.'' The allegations of the complaint are
sufficient to show the existence of these two conditions. The
pleading might have been more explicit as to the material
mistake that was made. But in the absence of an express

averment that the representation as to the spring was made in good faith, such would be the presumption, as dishonesty would not be imputed to the defendant. That plaintiff was materially misled by the statement of defendant does very clearly appear, and that an important part of the consideration for the purchase was the transfer of the spring does not admit of doubt. The case made by the complaint is substantially this: Plaintiff negotiated with defendant for the purchase of a stock ranch; defendant represented that a certain valuable spring was a part of said ranch; plaintiff relied upon said representation and would not have purchased the property without said spring; shortly after the sale plaintiff ascertained that defendant did not own the spring, and the place not being adapted to his use without said water, he immediately proceeded to rescind the contract. Such facts ought to be sufficient to justify a court in granting relief and we have no doubt they are. Similar cases have been passed upon by the courts and we may refer to two of these.

In *Johnson* v. *Withers*, 9 Cal. App. 52, [98 Pac. 42], it was held that a contract to sell and purchase mineral land may be rescinded by the purchaser and a deposit recovered back promptly upon the discovery of a material mistake of fact as to the quantity of mineral in place, the mistake having arisen from a wrong calculation of an expert. The court said: "Plaintiffs dealt with defendants upon the truth of this statement, and it was incorrect. It was the one estimate of quantity, the one concrete fact, upon which they relied in making the purchase. It was such a material mistake as courts of equity will relieve from."

In *Taber* v. *Piedmont Heights Bldg. Co.*, 25 Cal. App. 222, [143 Pac. 319], the intending purchasers visited certain premises with the vendor's agent and indicated to the latter the particular parcel they would buy and also the land they did not desire to purchase, and upon his mistaken statement that the property they desired was lot No. 35, they purchased the lot bearing that number, when as a matter of fact it included a portion of the land which they had rejected. It was held that the purchasers were entitled to rescind upon the ground of mistake.

[2] It is also true that the vendee had a right to rely upon the representations of the vendor. The latter was

presumed to know the extent of his property, and the former was not required to make further inquiry at his peril. Of course, if it had been apparent that the spring was not included within the boundaries of the proposed purchase, the folly of the vendee in rejecting the testimony of his own senses would prevent relief, but such is not this case. His attention was not directed to any fact or circumstance inconsistent with the representations of the vendor. It is no excuse that the vendee by an independent investigation might have ascertained that the spring did not belong to the vendor and that it was not included in the deed of conveyance.

In *Quarg* v. *Scher,* 136 Cal. 406, [69 Pac. 96], the land was described by metes and bounds in the contract of purchase and it was stated that it contained "about forty acres more or less." It was afterward discovered that there were but twenty-three and a half acres. This discrepancy led to a suit, and on considering a similar question to the one before us, the supreme court said: "It is next insisted that the defendant saw the land and inspected it before making the contract, and having every opportunity to learn of the quantity of the land, he had no right to take the word of plaintiffs on the question of quantity; in other words, that the rule of *caveat emptor* applies to the case. This contention is not well founded; the defendant had a right to rely on plaintiffs' representation as to the quantity of land. The acreage of land is a thing that cannot be seen with the eye at a glance, but can only be ascertained with accuracy by scientific measurement, and when a vendor states to the vendee the amount of land in the tract which is the subject of the sale, such vendor will not thereafter be heard to say in a court of equity the vendee had no right to believe him."

The same principle is indorsed in the Taber opinion, *supra,* and by the authorities generally.

[3] Nor do we perceive any merit in the claim that the evidence is insufficient to show that said representations were made by defendant. Herein it is admitted that one J. W. Walker, a real estate agent, was authorized to represent the vendor in the sale, and it is sufficient, for the purpose in view, to quote the following testimony of plaintiff: "Q. Did Mr. Walker show you the land? A. Yes, sir,

showed me the land. . . . Q. Did he show you anything on the land, any spring, anything of that kind? A. Yes, he showed me the spring. Q. What did he show you, what kind of spring? A. Spring flowed about three inches of water, stone wall around it, about a quarter of an acre right on top of the hill, they call it the high springs. Q. What did he say about that spring? A. After we got up there, . . . I took a drink out of it, I said, 'Are you sure of this land?' 'Oh, hell, yes, I know all about it, I sold this land for Boyer to Mr. Markley,' so he pointed out the fence, showed me all around the land . . . Q. Never mind that now; at the time you were there did he point out the spring, if you bought the land you would buy this spring? A. I says, 'Is this known as the Blair Ranch?' He says, 'This is the land you are buying right here where this spring is.' . . . Did you specially ask him if you were buying that spring? A. Where that spring was was the land I was buying. Q. That is what he told you? A. Yes, sir. Q. Did you believe it? A. I didn't doubt his word; he said he sold it before."

It may be added that it is not an unfair inference from Walker's testimony that such representation was made, although he manifestly was a witness rather hostile to plaintiff. Of course, he was naturally anxious to shield himself, and he appears to have been somewhat disingenuous, but a careful consideration of his whole testimony strengthens the conviction that he represented to plaintiff that the spring was a part of the property to be conveyed.

Another point is made as to the insufficiency of the evidence of rescission. In reference to this plaintiff testified: "I told Mr. Markley I didn't get the land that Mr. Walker sold to me, I demanded my money back, and I would give the deed back; he said we would have to make a survey of it, and he kind of hunched away, didn't seem to want to talk on the proposition. I waited a little longer, a few days, thought maybe he would have a survey made, but I didn't see nothing of him coming around so I started the suit."

[4] To the contention that the tender was not formal enough it is sufficient to say that such objection was waived by the failure of appellant to specify it at the time. (Civ.

Code, sec. 1501; *Winkler* v. *Jerrue,* 20 Cal. App. 555, [129 Pac. 804].)

[5] Besides, it is entirely apparent from the record that appellant would have refused any tender, however complete. Appellant was not prejudiced, therefore, if we concede that respondent should have proffered a deed of the property. (38 Cyc. 134.)

Appellant contends that a certain finding numbered 5 is outside of any issue tendered by the complaint. It is, however, in response to an allegation made in a separate defense of the answer. Moreover, it is apparent that it is substantially in accord with the finding, based upon the allegation of the complaint as to the representation made by defendant in reference to said spring.

Said finding is as follows: "And on or about the 6th of July, 1917, said J. W. Walker acting for defendant and for the purpose of inducing plaintiff to purchase the lands in said Deed hereinabove described, took plaintiff upon the lands hereinbefore described and also upon adjoining lands. Both defendant and his said agent Walker during all of said times were well acquainted with and knew the lands actually owned by defendant, being the lands hereinbefore described, but said Walker did not point out to plaintiff the boundaries of the same.

"Said agent Walker, however, did take plaintiff over a portion of said lands and did take plaintiff to the living spring hereinbefore referred to and said agent Walker did then and there while the plaintiff was at said spring expressly state to plaintiff that said spring was on the land owned by defendant, namely, the lands in said Deed and hereinbefore described and which said lands defendant through his said agent was then and there endeavoring to sell to plaintiff; and said agent Walker then and there acting for defendant in making said sale at the said time he stood with plaintiff beside said spring of living water expressly stated to plaintiff that if he, plaintiff, would purchase the lands then being offered to him for sale, to wit, the lands hereinbefore and in said deed described he, plaintiff, would also purchase and own said spring of living water as the same was upon said lands."

Indeed, the criticised finding may be entirely ignored as immaterial, the judgment being sufficiently supported without it.

We have examined all the points and authorities of appellant, but we deem it unnecessary to notice them more specifically.

The judgment is affirmed.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.