EDWIN L. OVIATT *vs.* ADAM WOJCICKY.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, JS.

A claim that a promissory note upon which suit is brought was not stamped in accordance with the requirements of the United States Revenue Laws (1 U. S. Comp. Stats., 1919 Supplement, § 6318hh) when it was executed and delivered must be pleaded, otherwise the defendant is in no position to urge such failure as a defense.

Where a defense to a promissory note involves the claim that the plain-

tiff was pressed for money for immediate use and that the note was a loan, presumably to be realized forthwith by a discount at the bank, evidence that the note was not put into the bank until its maturity, two months later, is relevant.

On his cross-examination the plaintiff was asked why he had not brought suit on an earlier note for $600, which, with its accumulations of interest, entered into the note for $855 in suit and was surrendered when the latter was given. *Held* that no harmful error was committed in excluding this question, especially as the plaintiff had already fully answered this inquiry in his own version of the circumstances.

An enlarged photograph of a paper already in evidence is not necessarily admissible; it must possess some added evidential value or virtue peculiar to itself. Whether it has such added value or not, presents a preliminary question for the trial judge. If excluded, this court must assume that it was properly excluded in the fair exercise by the trial court of this function, in the absence of anything to indicate otherwise.

Argued November 3d—decided December 22d, 1920.

ACTION by the payee against the maker of a promissory note, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff for $881, and appeal by the defendant. *No error.*

The note sued upon was in the usual form, made by the defendant November 1st, 1919, for $855, and payable to the plaintiff or order two months thereafter. It was not paid at maturity, and the defense assigned was that it was given at the plaintiff's solicitation for his own financial assistance and was without consideration.

The plaintiff claimed to have established a long course of dealing between the defendant, as one of his farmer customers, and himself as a dealer in grain, feed and other supplies. On June 15th, 1918, the defendant owed the plaintiff $1,000—$300 of which was for money borrowed sometime before that date. The defendant thereupon gave his sixty-day note to the plaintiff for the full amount, which note was deposited in the Milford

Trust Company of Milford. The defendant failed to pay it at maturity, and it was paid by the plaintiff. On October 15th, 1918, the defendant was still in the plaintiff's debt for some unpaid balance of the note just referred to, and for merchandise meanwhile furnished him, in the aggregate sum of $900. Three hundred dollars of this sum he promised to pay with Liberty Bonds, and did so on October 21st following. For the remaining $600 he gave, on October 15th, 1918, his sixty-day note. Thereafter, by the delivery of merchandise from time to time to the defendant, which was sold to him on credit, and by the accumulation of interest on the note, which was never paid, it had increased by $255, on November 1st, 1919, making the defendant's actual indebtedness to the plaintiff on that day $855, for which the note in suit was given. When this note was delivered, the plaintiff turned back to the defendant the unpaid $600 note. The note sued upon was held by the plaintiff until December 31st, 1919, when it was presented at the Milford Trust Company for collection. Up to that time it had never been stamped as the law required, but United States revenue stamps to the amount of eighteen cents were then affixed to it and cancelled. No part of the note has ever been paid.

The defendant claimed that his purchases from the plaintiff practically stopped in June, 1918, when he gave the note for $1,000, which represented his whole indebtedness at that time; that this indebtedness had been wholly extinguished before November 1st, 1919, at which time the defendant owed the plaintiff nothing, but that "at said time plaintiff represented to defendant that he had several cars of feed on the tracks at Milford, which he was unable to pay for, and that he needed $4,000 for such purposes, and desired defendant to lend him his credit to the extent of $855, by executing the said note, which plaintiff had already prepared and

had with him, and which he stated to defendant he could get discounted at the bank, and that upon plaintiff's promise that he would save him harmless from loss by reason of the execution of said note, he executed and delivered" it, receiving no valuable consideration therefor. He is unable to read or write the English language.

The claims of error on which the appeal rests, are certain rulings upon evidence, and a refusal to charge the jury as requested in writing. These are sufficiently disclosed in the opinion.

*Robert J. Woodruff*, for the appellant (defendant).

*Omar W. Platt*, for the appellee (plaintiff).

CASE, J. It seems to have been informally disclosed upon the trial that the note in question was not duly stamped upon its execution and delivery, as required by the United States revenue laws. 1 U. S. Comp. Stats., 1919 Supplement, § 6318hh, p. 1278. The defendant thereupon asked the court to charge the jury, in effect, that its acceptance by the plaintiff in that condition not only subjected him to the penalty provided by the Federal law for its violation, but left the note worthless as the basis for any action by the plaintiff upon the debt which it evidences. No such issue was in the case—raised either by the pleadings or otherwise, and the defendant was in no position to take advantage of any claimed dereliction of the plaintiff as suggested. We have, moreover, in an earlier case involving a similar question under the Federal Revenue Act of 1898, pointed out the somewhat limited effect of a mere failure to affix a stamp at the right time and place. *Garland* v. *Gaines*, 73 Conn. 662, 665, 49 Atl. 19.

The plaintiff offered an officer of the Milford Trust Company, presumably acquainted with the essential fact, to say when, if ever, the note in suit was put into that bank for discount or otherwise. This was objected to as immaterial. The court overruled the objection and an exception was taken to the ruling. The question was properly admitted. The defendant's whole defense was that the plaintiff was pressed for money for immediate use, and that the whole amount of the note was a loan, presumably to be realized forthwith by a discount at the bank. It was clearly a fact entitled to recognition in considering that claim and its character for truth, that the note as a matter of fact was never banked at all until for collection at its maturity, two months after the claimed urgency of the plaintiff to raise the money for instant use.

The plaintiff on cross-examination was questioned as to the note for $600 which preceded the one in suit, and was surrendered when the latter with its accumulations was executed and delivered. He was asked why he never brought suit on the earlier note, and the question was excluded. The plaintiff had gone fully into his own version of the circumstances, and his story, of how the final note for $855 had been accepted as including the long overdue $600 note with its accumulations of interest, and the further charges of merchandise sold on credit, is in itself an extended answer to the single question objected to. He waived no right by the course he followed, and it was one in which he was answerable to no one for his choice. We find no harmful error in this ruling.

The defendant upon the trial offered a photographer who identified a photograph handed to him as a correct but enlarged photographic representation of the note for $600 referred to, which was already in evidence and before the jury. The record leaves much to be desired as

to the precise circumstances attending the offer of this picture. It was clearly not admissible *per se* merely as an enlarged reproduction, however faithful and accurate, of another paper already in evidence before the jury. It must, to open the door to its admission, possess some added evidential value or virtue peculiar to itself. This necessarily presents a preliminary question for the trial judge, quite distinct from that involved in the verification of a photograph as an accurate reproduction of a scene or object not otherwise before the jury. Perhaps the most common instance of the claimed pertinence of an enlarged photograph is in cases of compared handwritings when a magnified deformity or characteristic of any kind is brought into marked prominence without destroying or modifying the fair proportions of the whole picture. It was, therefore, the preliminary duty of the trial court to inspect this photograph, and to say whether upon the avowed purposes of the offer, as to which the record gives little information, it was of evidential value for the jury. We must assume that the court properly excluded it in the fair exercise of this function. There is nothing to indicate otherwise.

There is no error.

In this opinion the other judges concurred.