[Civ. No. 3772. Third Appellate District.—June 4, 1929.]

GEORGE JACKSON et al., Plaintiffs, v. GEORGE MEIN-HARDT et al., Respondents; C. W. JACKSON et al., Plaintiffs and Appellants.

Lon A. Brooks for Appellants.

John M. Fulton and R. M. Fulton for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment against plaintiffs for failure to amend a pleading after a general demurrer had been sustained to a third amended complaint. The suit was for fraud exercised in procuring a contract for the sale of a lot in Los Angeles, California.

The amended complaint to which a general demurrer was sustained with leave to amend, set up an action for damages based upon fraudulent representations regarding the location and boundaries of a lot which the assignors of plaintiffs were thereby induced to purchase.

The complaint alleged in substance that on November 14, 1924, the defendants who owned the land involved in this action, together with the tract surrounding it, executed a contract to sell the lot to George and Clara Jackson for $1200, payable in installments of $25 a month until the purchase price was fully paid, with seven per cent interest per annum on all deferred payments. The property was described as the "East 40 feet of the West 120 feet of the South 101 feet of lot One, Tract 1750, as per map recorded in Book 20, page 157 of Maps," in the county of Los

Angeles, California, that on February 7, 1925, for a valuable consideration, the above-named vendees sold and assigned to plaintiffs all their interest in said contract, together with the lot therein described; that upon the purchase of said contract the assignors informed plaintiffs that at the time of the original execution of the contract the defendants represented to them that (1) said land was a corner lot, (2) that a 20-foot public street adjoined the lot on the east, (3) that the lot abutted on a 50-foot street on the south, and (4) that defendants measured the lot in the presence of said assignors and pointed out the northern boundary thereof, stating that the lot extended 101 feet southerly from said point of commencement. The complaint further alleged that the defendants also personally made the foregoing representations to the plaintiffs while actually upon said premises, on February 7, 1925, and acquiesced in their purchase of the contract; that both the original vendees and plaintiffs were strangers in the vicinity and were ignorant as to the actual location of the lot or its dimensions or adjoining streets; that the streets did not appear laid out upon the tract; that neither the original purchasers nor the plaintiffs "had any means of investigation" and made no independent inquiry or examination as to the truth of said representations, and that they each believed them to be true, and relying upon them were thereby induced to purchase the lot when they would not have otherwise done so; that each of said representations was false, as the defendants well knew, and was made to deceive and defraud the purchasers; that in truth the lot was not a corner lot and it did not abut upon a street on either side, or at all, but was entirely surrounded on all sides by other lots, and that it did not commence at the point designated on the ground by the defendants, but did begin 25 feet southerly therefrom; that the plaintiffs did not discover these facts or that the defendants' representations were false until May, 1926; that at the time of such discovery plaintiffs had paid the total sum of $450 on the purchase price, $348.50 of which was credited to the principal and the balance was applied to the account of interest; that subsequently the plaintiffs continued to make the payments due upon the contract and fulfilled upon their part all of the covenants thereof; that the actual value of

said lot situated as it was represented to be, by the defendants, was $2,500, but that it was worth not more than $100 located as in fact it was, adjacent to no street at all, and that plaintiffs were thereby damaged in the sum of $2,400, for which amount they prayed judgment. The suit was commenced December 14, 1926.

It is claimed that the complaint fails to state facts sufficient upon which to maintain an action for fraud for the reasons that the recorded map of the tract of land involved was constructive notice of the position of the lot conveyed and of the true location of the streets in that vicinity, and that the purchasers forfeited their remedy by their negligence in failing to examine the public records; that they were guilty of laches; that the assignees of a chose in action could not maintain a suit for fraud; that reliance upon the alleged false statements was defectively pleaded and that no sufficient allegation of damages appears.

■ A prospective purchaser of land may rely upon the owner's positive statements with respect to its location and the relation of adjoining streets or other material objects, when an inspection of the premises will not refute the false representations nor furnish evidence which would place a reasonable person upon inquiry, even if the examination of a recorded map would disclose the true situation of the lot and the falsity of the statements.

■ When the owner of land with intent to deceive a purchaser falsely states that a portion of an unimproved tract, upon which the streets are not laid out or designated upon the ground, is a corner lot and that it is bounded on two sides by public streets, and an inspection of the property furnishes no evidence to the contrary, and the purchaser relying upon such representations buys the lot and is damaged thereby, he may maintain an action based upon fraud, either for damages or rescission. Under such circumstances the purchaser is not required to search the records to ascertain the true location and boundaries of the lot. In 46 C. J. 545, sections 29 and 30, it is said: "He who practices bad faith ought not to be permitted to invoke the doctrine of constructive or imputed notice to aid his wrongdoing." (12 R. C. L. 347, sec. 101.) In the case of *Lynch* v. *Palmer*, 237 Mass. 150 [33 A. L. R. 842, 129 N. E.

374], wherein the facts were quite similar to the case at bar, the defendant falsely informed the plaintiff that he owned lot 89 on Grove Street in Medford, Massachusetts, and that it would always remain open as a street, and that lot 88, which was the subject of the proposed sale, was a corner lot. An inspection of the map or plat of Medford would have disclosed the falsity of these statements. No inspection appears to have been made. Many authorities were cited in support of the proposition, and the court said: "If the defendant represented that he was the owner of lot 89, that he was reserving it for a street, and that lot 88 was to be a corner lot, the jury could find that such representations were false and fraudulent and related to material facts, and if the plaintiff relied upon them and thereby was induced to purchase lot 88, as she testified, the defendant would be liable for the fraud and deceit practiced upon her." The entire trend of authorities appears to uphold the foregoing principle. (33 A. L. R. 917, note sec. 24.) In 26 C. J. 1197, section 101, it is said: "Although they were matters of record, redress could be had for misrepresentations or concealment with respect to boundaries or location."

To the same effect it is said in 12 R. C. L. 383, section 134: "Some courts (hold) . . . that where the vendee has no knowledge of the facts he has an absolute right to rely on representations as to location made by the vendor, and that he is not bound to make inquiry as to the truth of the facts so stated even though the vendor does not by any artifice prevent him from making inquiry in reference to the true location, which he has present means of ascertaining."

In *Peardon* v. *Markley*, 50 Cal. App. 257 [195 Pac. 70], where the vendor falsely represented to the purchaser of land that it included a designated spring, a judgment for rescission and damages was sustained. The court said: "His (the purchaser's) attention was not directed to any fact or circumstance inconsistent with the representations of the vendor. It is no excuse that the vendee by an independent investigation might have ascertained that the spring did not belong to the vendor and that it was not included in the deed of conveyance." (12 Cal. Jur. 758,

sec. 34; *Faull* v. *Johnson,* 94 Cal. App. 230 [270 Pac. 993].)

■ Under the circumstances of the present case the defendants may not urge the doctrine of laches as a defense to the alleged fraud, which was not discovered until May, 1926, the action having been commenced within about seven months thereafter. Laches is not ordinarily a defense to an action for fraud unless the proceeding is delayed beyond the period prescribed by the statute of limitations. (12 Cal. Jur. 797, sec. 59; *Victor Oil Co.* v. *Drum,* 184 Cal. 226 [193 Pac. 243]; *Montgomery* v. *McLaury,* 143 Cal. 83 [76 Pac. 964]; *Estudillo* v. *Security Loan & Trust Co.,* 149 Cal. 556, 565 [87 Pac. 19]; *Simmons* v. *Briggs,* 69 Cal. App. 447 [231 Pac. 604].) ■ Conduct on the part of the complainant subsequent to the discovery of the fraud, such as the renewal or extension of a mortgage, the execution of which is the basis of the fraud, the renewal of a lease, or the extension of the date of maturity of a note, which acts amount to a ratification or waiver of the wrong complained of may bar an action for rescission or fraud. (*Tucker* v. *Beneke,* 180 Cal. 588 [182 Pac. 299]; *Schmidt* v. *Messmer,* 116 Cal. 267 [48 Pac. 54]; *Monahan* v. *Watson,* 61 Cal. App. 417 [214 Pac. 1001].) No such change in the contractual relations of the parties occurred in the present case. No alterations or concessions were made or requested, but, upon the contrary, the plaintiffs proceeded to fulfill the exact terms of all the covenants of their contract, and are therefore not guilty of laches. ■ Moreover, there is a distinction, in the application of the doctrine of laches between a cause for fraud sought to be maintained by means of an action of rescission and one which sounds in damages alone. In the former, the cause must be promptly and diligently pursued, while in the latter it may ordinarily be commenced at any time after the discovery of the fraud within the statutory period of limitations. (12 Cal. Jur. 796, sec. 59.) ■ Even though the complaint may contain defective allegations respecting some of the alleged false representations, a single material misrepresentation knowingly made to induce one to purchase land under circumstances similar to those presented in the present case, such as the statement that the lot was a corner lot and was bounded by public streets, will afford

grounds for relief. (*Del Vecchio* v. *Savelli*, 10 Cal. App. 79 [101 Pac. 32].)

Finally, the respondent asserts that this right of action for alleged fraud does not survive the assignment of the contract of plaintiffs. We are not in accord with this contention. Section 954 of the Civil Code has modified the common-law rule with respect to the assigning of a chose in action, and the statute now authorizes the maintenance of a suit for damages to real or personal property on the ground of fraud, on the part of an assignee of the original vendee. (3 Cal. Jur. 254, sec. 15; *Morris* v. *Standard Oil Co.*, 200 Cal. 210 [252 Pac. 605].)

The complaint sufficiently alleges a reliance upon the fraudulent representations, as well as that damages were sustained thereby. We are of the opinion that a cause of action is adequately stated.

The judgment is reversed. The trial court is directed to overrule the demurrer and permit the defendants to answer.

Plummer, J., and Finch, P. J., concurred.