[Civ. No. 4567. Third Appellate District.—July 5, 1932.]

MICHAEL RISKIND et al., Respondents, v. THE FRANK MELINE COMPANY, INC. (a Corporation), et al., Defendants; ADOLPH C. FERA, Appellant.

P. W. Thomson and Paul Washburn for Appellant.

Irving S. Baltimore and A. Feldman for Respondents.

PLUMMER, J.—The plaintiffs had judgment for the rescission of a certain contract for the purchase of real estate in the county of Los Angeles, and against the defendant Adolph C. Fera, in the sum of $10,186, and against The Frank Meline Company, Inc., in the sum of $1550, with interest at the rate of seven per cent per annum from October 12, 1927. From this judgment the defendant Adolph C. Fera appeals.

The appeal is based upon the judgment-roll alone.

The findings of fact disclose that within two years prior to the filing of the complaint, the plaintiff, Michael Riskind, entered into a contract with The Frank Meline Company, Inc., a corporation, for the purchase of lots 8 and 9 in block 23, tract 6783, in the county of Los Angeles. That subsequent to the execution of this agreement the defendants caused to be assigned to the plaintiff an agreement of sale of said real property, executed on the sixth day of January, 1927, between Oliver Wylie and Sarah E. Wylie, as sellers, and Adolph C. Fera, as purchaser. That the conditional

contract of sale of said premises provided for the payment of $27,000, upon which at the time of the assignment unto plaintiffs there remained a balance due of $20,250, payable in semi-annual installments of $5,062.50 each, commencing with January 16, 1928. That under and pursuant to said agreement the plaintiffs paid to the defendants the sum of $10,750 on or about the sixteenth day of January, 1927, and made further payments against said property in the sum of $235.68. That of the sum of $10,750 paid as aforesaid, $1550 of said payment was retained by The Frank Meline Company for their services as agent of Adolph C. Fera.

It is further found that the defendants represented the value of said property as in excess of $31,000, and that the reasonable market value of said premises at said time was not in excess of $22,500.

It is further found that the defendants, prior to the entering into the agreement just referred to, falsely and fraudulently represented to the plaintiffs that a terminal market would be erected directly across the street from said property, at an investment of $250,000; that land therefor had been purchased; that plans therefor had been completed; that said work was actually commenced on or about March 1, 1927, and that the same would be completed by the end of the year 1927; that all arrangements had been completed for the erection of said market; that a bond issue for the building of said market had been underwritten by a Chicago concern, and that the erection of said market would greatly enhance the value of the property involved in this action.

The court further found that all of said representations were false; that the plaintiffs relied thereon and were induced thereby to make the purchase. Judgment went for rescission and for the return of the payments made on the contracts.

▪ As grounds for reversal the appellant alleges error on the part of the trial court in permitting the filing of an amended complaint *nunc pro tunc,* and that the complaint as filed does not state a cause of action. Practically the greater portion of the appellant's argument is directed to the alleged error of the court with reference to the filing of an amended complaint.

The record shows that the original complaint was filed on the twenty-eighth day of January, 1928; that the defend-

ants demurred thereto, and same was overruled, and that the defendant and appellant Fera filed an answer thereto on the twenty-first day of March, 1928. Thereafter it appears that the plaintiff prepared for filing an amended complaint and served the same upon the appellant on the twentieth day of March, 1928, the amended complaint bearing the following indorsement:

"The undersigned, attorneys for defendant Adolph C. Fera and Mabel J. Fera, hereby agrees and consents to the filing of the within amended complaint.

"Dated March 20, 1928.

"(Signed)   P. W. Thomson,
"Attorney for said defendants."

By some means not disclosed in the record the amended complaint was not filed, and thereafter, on the twenty-sixth day of December, 1929, the court in which said action was pending made and entered the following order:

"It appearing to be a proper case therefor, it is hereby ordered that the within amended complaint may be filed, and that same be filed *nunc pro tunc* as of March 22, 1928.

"Dated, this 26th day of December, 1929.

"(Signed)   Elliot Craig,
"Presiding Judge."

The record shows that on the third day of April, 1928, a stipulation was entered into between the attorneys representing the plaintiffs and P. W. Thomson, representing the appellant in this action, to the effect that the answer theretofore filed by said defendants might be deemed and considered as the answer by said defendants to the plaintiffs' amended complaint.

The action came on for trial on the fifteenth day of January, 1930, and resulted in a judgment in favor of the plaintiffs, as above stated.

The appellant now contends that the *nunc pro tunc* order of the court was void, and that the court had no power to antedate the filing of the amended complaint, or to permit the filing of an amended complaint which would antedate the actual date of its filing. The record shows, first, a consent to the filing of the amended complaint on the part of the attorney for the appellant. If we agree with the appellant that that consent went only to the fact that

the amended complaint should be immediately filed, our attention has not been called to a single fact which shows that the appellant has been in any way prejudiced by the delay in filing of the amended complaint to the filing of which consent had been given. Further, if it be conceded that the *nunc pro tunc* order of the court as to the date of the filing of the amended complaint, in so far as it admitted the amended complaint to speak as and of a date prior to its actual filing, was erroneous, nevertheless, there is nothing in the record which shows that the appellant made any objection thereto, interposed any motion to strike out the amended complaint or vacate the *nunc pro tunc* order, nor asked for any additional time to file any further or other answer thereto, than as evidenced by the stipulation to which we have above referred.

We do not need to pass upon the validity of the *nunc pro tunc* part of the court's order. The appellant stipulated, as we have said, for the filing of the amended complaint, and if it be considered as filed only as and of the date of the court's order in December, 1929, it appears that the trial of the action was not begun until more than half a month thereafter, and here, again, the record is entirely silent as to any objection being entered or made by the appellant against the trial court proceeding with the trial of the action based upon the plaintiff's amended complaint.

We do not need to cite authorities to the effect that the trial court had the power to permit the plaintiff to file an amended complaint during the month of December, 1929. The fact that the cause had been at issue for a number of months in nowise militated against the authority of the court to permit the filing of an amended pleading upon application therefor, so that whether the amended complaint speaks as and of March 22, 1928, or December, 1929, is wholly immaterial.

Paragraph 6 of the amended complaint contains allegations of statements made by the defendants, found by the court to be false and to have been fraudulently made to induce the plaintiffs to enter into the contracts heretofore referred to. With reference to the property across the street which was to be improved by a market and so enhance the value of the lots involved in this action, the complaint alleges the following fraudulent and false state-

ments: "That the land therefor had been purchased; plans therefor completed; that arrangements had been completed for the erection of the market; that a bond issue for the building of said market had been underwritten by Peabody Hoeteling & Company of Chicago; that many of the tenants of the then-existing wholesale Terminal Market at Seventh and Central avenue, Los Angeles, California, whose leases had but a short time to run, had executed leases on the new market." Only a quotation of the foregoing statements is necessary to demonstrate that they are expressions of facts as then existing, and not of mere opinions, and were not mere "sales talks", as claimed by the appellant, or immaterial representations. The plaintiffs could not, by looking at the property, discover the falsity of the statements set forth in the amended complaint, and found by the trial court to have been made. The cases cited by the appellant as representations of buildings in course of construction, where the purchaser has an opportunity to see for himself, are not pertinent here, and it would serve no useful purpose to review them. Every one of the representations which we have quoted were of such a character that examination of the premises would not disclose their falsity. The law is well settled that where a material representation relied upon is found to be false, it is sufficient to support the judgment. This court so held in the case of *Stone* v. *McCarty,* 64 Cal. App. 158 [220 Pac. 690]. See cases cited on page 167. To the same effect is the case of *Jackson* v. *Meinhardt,* 99 Cal. App. 283 [278 Pac. 462]. See, also, *Mitchell* v. *Tuttle,* 102 Cal. App. 16 [182 Pac. 534]. In the opinion in the Mitchell case, *supra,* a number of authorities are cited upholding the rule which we have just set forth.

It is well settled law that the filing of an amended complaint supersedes the original pleading and requires no citation of authorities.

The judgment is affirmed.

Parker, J., *pro tem.,* and Preston, P. J., concurred.