[Civ. No. 9045.   Second Appellate District, Division Two.—January 31, 1935.]

SOUTHWEST FINANCE COMPANY OF CALIFORNIA (a Corporation), Appellant, v. ARTHUR P. ADKISSON et al., Defendants; PACIFIC NATIONAL COMPANY (a Corporation), Respondent.

Black, Hammack & Black and Meserve, Mumper, Hughes & Robertson for Appellant.

Goudge, Robinson & Hughes and ·David A. Sondel for Respondent.

CRAIL, J.—This is an appeal by the plaintiff (appellant) from a judgment in an action upon a promissory note. The defendants answered that there was a total failure of consideration, that the transaction in consideration of which the note was given was never completed. The trial court found the facts to be as alleged by the defendants and entered judgment for the defendants. In a cross-complaint the defendants also sued for certain interest payments which the defendants had made to the plaintiff on the note during the time they believed the transaction would finally be completed, and for interest thereon, and the court gave judgment in favor of the defendants on this cross-complaint.

The first contention of the appellant is that the undisputed evidence shows a valuable consideration passing from the plaintiff or its predecessor in interest to the defendants. Upon appeal it is the duty of this court to take the evidence in the light most favorable to the respondent. We have reviewed the evidence, keeping in mind this rule, and there is substantial evidence to support all of the trial court's findings.

Appellant's second contention is based upon the theory that there was at least a partial consideration and that therefore the respondent sought the wrong remedy; that the defendants should have alleged fraud and rescission and sought equitable relief. This contention falls with appellant's first contention and our conclusions thereon.

Appellant's next contention is that respondent is barred by the doctrines both of laches and of estoppel.

However, this was an action at law. The complaint sought a money judgment on a promissory note and the answer set up a total failure of consideration. There was no issue of fraud nor any other equitable issue which required diligence on the part of the defendants. The statute of limitations was the law which governed the limits of time in which defendants might present their defense. The doctrines of laches and estoppel did not enter into the case. (*Jackson* v. *Meinhardt,* 99 Cal. App. 283 [278 Pac. 462]; *Anzar* v. *Miller,* 90 Cal. 342 [27 Pac. 299]; *San Francisco Credit Clearing House* v. *Wells,* 196 Cal. 701 [239 Pac. 319].)

Appellant's final contention is that the respondent ratified the contract by making monthly payments of dues to a third party for approximately a year. The trial court, after listening to the evidence and the explanations of the defendants with regard to these payments, determined the facts and the issue of ratification adversely to the appellant and it is sufficient for us to say that there was substantial evidence to support the findings. In a closing brief the appellant complains of the judgment on the cross-complaint, but we find no errors therein.

Judgment affirmed.

Stephens, P. J., and Scott, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1935.