[L. A. No. 1923. Department One.—January 31, 1908.]

## H. J. CRANDALL, Respondent, v. R. N. PARKS, Appellant.

APPEAL FROM JUDGMENT—LAPSE OF TIME—EXCEPTIONS TO INSUFFI-
CIENCY OF EVIDENCE NOT REVIEWABLE.—Where an appeal from the
judgment was not taken within sixty days after its rendition and
entry, exceptions to the decision on the ground that it is not sup-
ported by the evidence cannot be reviewed.

ACTION TO RESCIND EXCHANGE OF PROPERTY — FRAUD — MISREPRE-
SENTATION AS TO CHARACTER AND VALUE OF OREGON LAND.—In an
action to rescind an exchange of property for fraudulent repre-
sentations in regard to real and personal property by defendant
inducing the exchange, a misrepresentation as to the character and
value of his Oregon land, to his personal knowledge, which the
defendant then knew to be false, is one upon which the plaintiff
was entitled to rely, and its false and fraudulent character justifies
a rescission of the exchange.

ID.—STATEMENT AS TO VALUE NOT ALWAYS AN EXPRESSION OF OPINION.—
A statement as to the value of property is not always made as a
mere expression of opinion upon which the other party is entitled
to rely; but it may be a positive affirmation of a fact, intended as
such by the party making it, and reasonably regarded as such by
the party to whom it is made; and, when it is such, it is like any
other representation of fact, and may be a fraudulent misrepresenta-
tion warranting a rescission.

ID.—FINDINGS SUPPLEMENTED BY ADMISSION IN ANSWER—KNOWLEDGE
OF FALSITY.—Where the findings for the plaintiff were otherwise
sufficient, but did not include a finding that defendant knew or
believed that the representation as to the value of the land out of
the state was untrue when made, such finding was unnecessary,
where an averment in the complaint as to defendant's knowledge
that it was untrue was not denied by the answer and must there-
fore be taken as true.

ID.—QUALIFICATION OF WITNESSES—VALUE OF DEFENDANT'S LAND—
INSUFFICIENT OBJECTIONS.—A general objection to the testimony
of witnesses to the true value of the defendant's land, that it was
immaterial, irrelevant, and incompetent, did not raise the specific
objection that the witnesses were not shown to be qualified; but it
is held that the evidence in the record warrants a ruling that the
witnesses were qualified to testify on that subject.

APPEAL from a judgment of the Superior Court of San
Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

· W. H. Francis, and Dadmun & Belieu, for Appellant.

False representations must be as to matter of fact, and not to mere matter of opinion as to the value of land, which does not constitute fraud. (*Ansley* v. *Bank of Piedmont,* 113 Ala. 467, 50 Am. St. Rep. 122, 21 South. 59; *Rendell* v. *Scott,* 70 Cal. 514, 11 Pac. 779; *Lawrence* v. *Gayetty,* 78 Cal. 126, 12 Am. St. Rep. 29, 20 Pac. 382; *Nounnan* v. *Sutter County L. Co.,* 81 Cal. 1, 22 Pac. 515; *Lee* v. *McClelland,* 120 Cal. 147, 52 Pac. 300; *Norris* v. *Crandall,* (Cal.) 65 Pac. 568; *Endsley* v. *Johns,* 120 Ill. 469, 60 Am. Rep. 572, 12 N. E. 247; *Sieveking* v. *Litzler,* 31 Ind. 13; *Hunter* v. *McLaughlin,* 43 Ind. 38; *McAleer* v. *Horsey,* 35 Md. 459; *Medbury* v. *Watson,* 6 Met. 259, 39 Am. Dec. 726; *Kimball* v. *Bangs,* 144 Mass. 321, 11 N. E. 113; *Ellis* v. *Andrews,* 56 N. Y. 83, 15 Am. Rep. 379.) The means of investigation being open to defendant, he is chargeable with all knowledge which he might have obtained. (*Blumenthal* v. *Greenberg,* 130 Cal. 388, 62 Pac. 599; *Board of Commissioners* v. *Younger,* 29 Cal. 176, 177, 87 Am. Dec. 164; *Oppenheimer* v. *Clunie,* 142 Cal. 319, 75 Pac. 899.) The gist of the action to rescind is willful deceit (Civ. Code sec. 1710), and to sustain it it must appear that defendant knew the representations to be false and did not believe them to be true, and intended to deceive and mislead. (*Chatham F. Co.* v. *Moffitt,* 147 Mass. 403, 9 Am. St. Rep. 727, 18 N. E. 168; *Peterson* v. *Chicago & C. Ry. Co.,* 38 Minn. 511, 39 N. W. 485; *Tone* v. *Wilson,* 81 Ill. 529; *Miller* v. *Howell,* 1 Scam. 499, 32 Am. Dec. 36; *Lewask* v. *Carter,* 117 Ind. 206, 10 Am. St. Rep. 40, 20 N. E. 119; *Lebby* v. *Ahrens,* 26 S. C. 275, 2 S. E. 387; *Bennett* v. *Gibbons,* 55 Conn. 450, 12 Atl. 99; *Wenzel* v. *Shulz,* 78 Cal. 221, 20 Pac. 404; *Lawrence* v. *Gayetty,* 78 Cal. 126, 12 Am. St. Rep. 29, 20 Pac. 383; *Feeney* v. *Howard,* 79 Cal. 525, 12 Am. St. Rep. 162, 21 Pac. 984; *Lord* v. *Goddard,* 13 How. (U. S.) 198.) There is no finding that defendant knew his misrepresentation to be untrue, or that he made it with intention to deceive and mislead the plaintiff. The failure to find on a material issue is fatal to the judgment. (*Speyle* v. *Lase,* 51 Cal. 415; *Golson* v. *Dunlap,* 73 Cal. 161, 14 Pac. 576; *Leviston* v. *Ryan,* 75 Cal. 299, 17 Pac. 239; *Connolly* v. *Hingley,* 82 Cal. 643, 23 Pac. 273; *Monterey County* v. *Cushing,* 83 Cal. 507, 23 Pac. 700; *Kusel*

v. *Kusel,* 147 Cal. 52, 81 Pac. 297; *Hoffman* v. *Kirby,* 136 Cal. 29, 68 Cal. 321.)

F. P. Willard, for Respondent.

It is sufficient to sustain the charge of fraudulent representations as to the character and value of defendant's Oregon land, that it was a substantial fact within his knowledge, upon which plaintiff relied as a fact.   (*Norris* v. *Crandall,* (Cal.) 65 Pac. 569; *Bank of Woodland* v. *Hiatt,* 58 Cal. 234; *Dow* v. *Swain,* 125 Cal. 674, 58 Pac. 271; *Grinnell* v. *Hill,* 1 Cal.· App. 492, 82 Pac. 445; *Wainscott* v. *Occidental Bldg. Assn.,* 98 Cal. 253, 33 Pac. 88; *Groppengiesser* v. *Lake,* 103 Cal. 37, 36 Pac. 1036; Civ. Code, sec. 1572.)

ANGELLOTTI, J.—Defendant appealed from a judgment rescinding a contract for the exchange of property, and from an order denying his motion for a new trial.   The appeal from the order denying a new trial has been dismissed.   The appeal from the judgment was not taken within sixty days after its rendition and entry, and therefore the exceptions to the decision on the ground that it is not supported by the evidence cannot be reviewed.   (Code Civ. Proc., sec. 939, subd. 1.)

It is claimed that the findings are not sufficient to support the judgment.   They show substantially the following facts: Plaintiff was the owner and in possession of certain land in San Diego County in this state, of the value of twenty-five hundred dollars, and certain personal property thereon of the value of two hundred and fourteen dollars.   Defendant, for the purpose of inducing plaintiff to exchange the same for eighty acres of land in the state of Oregon, owned by him, and a restaurant outfit in the city of San Diego, in this state, claimed to be worth four hundred dollars, and found not to exceed two hundred and twenty-five dollars in value, represented to plaintiff that he had owned the Oregon land for about fifteen years, had lived thereon, and was well acquainted with its quality, character, and value, and that the reasonable and actual value thereof was forty dollars per acre, and also that he was the owner of the restaurant outfit, including a hot-water tank and an ice-chest or refrigerator of the value of forty dollars.   The value of the Oregon land did not in

fact exceed the sum of five hundred dollars, or $6.25 per acre. Neither the hot-water tank nor refrigerator belonged to defendant. Plaintiff never saw the Oregon land, and had no knowledge as to its value, nature, or quality, except the statements of defendant in regard thereto, and he had no information as to the ownership of the restaurant outfit, except that given him by defendant. Defendant knew this. An exchange of the properties was effected, plaintiff being induced to make the same solely by reason of such representations as to value and ownership, upon which he wholly relied. Defendant well knew the plaintiff in making the exchange relied and acted solely upon these representations.

There was no finding that defendant knew or believed at the time he made the representation as to the value of the Oregon land that the same was untrue, or that, if he believed it true, the representation was not warranted by the information he then had, and defendant urges that in the absence of such element there was no fraud on his part. (Civ. Code, sec. 1572.) There was, however, no necessity for such a finding in view of the state of the pleadings. The complaint alleged in terms that defendant knew, at the time he made said representation to plaintiff, that it was false and untrue. This allegation was not denied by the answer, the defendant resting upon a denial that he made the representation at all. This denial did not make an issue upon the question of defendant's knowledge as to the falsity of the representation, if made. The only issue was as to whether the representation was made. If made, it was admitted by the failure to deny in the answer that it was made with knowledge that it was not true. The allegation of the complaint in this behalf not being controverted by the answer, must, for the purposes of the action, be taken as true. (Code Civ. Proc., sec. 462.) A finding is not necessary as to a fact admitted by the pleadings, as where a fact is alleged in the complaint and not denied in the answer. (*First Nat. Bank* v. *Maxwell,* 123 Cal. 366, [69 Am. St. Rep. 64, 55 Pac. 980].) It is therefore unnecessary to consider further defendant's contention on this point. What we have said in regard to the representations as to the Oregon land is equally applicable to the representation as to the ownership of the articles of personal property of which defendant was not the owner.

It is claimed that the representation as to the value of the Oregon land was nothing more than a mere expression of his own opinion as to the value on the part of the defendant, and therefore that an action will not lie on account thereof. This, however, is not the effect of a fair construction of the findings. A statement as to the value of property is not always made as a mere expression of opinion upon which the other party has no right to rely. It may be a positive affirmation of a fact, intended as such by the party making it, and reasonably regarded as such by the party to whom it is made. When it is such, it is like any other representation of fact, and may be a fraudulent misrepresentation warranting rescission. The rule in regard to this matter is stated by Mr. Pomeroy as follows: ''Wherever a party states a matter which might otherwise be only an opinion, and does not state it as the mere expression of his own opinion, but affirms it as an existing fact material to the transaction, so that the other party may reasonably treat it as a fact and rely and act upon it as such, then the statement clearly becomes an affirmation of fact within the meaning of the general rule, and may be a fraudulent misrepresentation.'' (2 Pomeroy's Equity Jurisprudence, sec. 878.) He further says that the statements which most frequently come within this branch of the rule are those concerning value. There is nothing in the opinion in *Norris* v. *Crandall*, (Cal.) 65 Pac. 568, in conflict with this view. The court was there discussing the question of the sufficiency of the evidence to sustain the conclusion of the trial court, that there was no fraudulent misrepresentation of fact, and, in affirming that conclusion, said in effect that the evidence was sufficient to sustain a conclusion that the expression as to value was made and understood as a mere expression of opinion only. The court there said, in accord with the rule we have stated, that there would be force in the appellant's contention ''if the evidence compelled the conclusion that the exchange of properties was brought about by a false statement of value by defendants, made as a substantive fact on which plaintiffs relied as a fact, and not as defendants' opinion as to the fact.'' The findings sufficiently bring the case within the operation of this rule.

That plaintiff never made or commenced any investigation for himself as to the value of the Oregon land or the owner-

ship of the personal property, that he believed and relied solely on the statements and representations of defendant in regard thereto, and that he was induced to make the exchange solely by reason thereof, is all fully established by the findings, which are conclusive upon this appeal. We know of no reason why defendant should be allowed to maintain that plaintiff was not entitled to rely, without investigation on his part, upon a representation as to the value of land so remotely situated, which he had never seen and could not personally examine, a representation, "to the truth of which the party has deliberately pledged his faith." (See *Dow* v. *Swain,* 125 Cal. 681-684, [58 Pac. 272-274].) He was clearly entitled, also, to rely upon the representation as to the ownership of the personal property. *Oppenheimer* v. *Clunie,* 142 Cal. 313, [75 Pac. 899], is not in point. There the party had not relied on the representation made at all, but had investigated for himself as to the truth thereof, and was charged with all the knowledge which he might have obtained had he pursued the inquiry to the end with diligence and completeness.

Complaint is made that the trial court erred in admitting the evidence of three witnesses as to the value of the Oregon land, the objection being that they were not sufficiently shown to be qualified to testify as experts concerning such value. No such specific objection appears to have been made in the lower court, the only objection there made being the general objection that the proposed testimony was immaterial, irrelevant, and incompetent. This was hardly sufficient to bring to the attention of the trial court the objection now made. However this may be, the evidence in the record was sufficient to warrant a ruling that the witnesses were qualified to testify on the subject.

There is no other point made by defendant that is available to him on this appeal.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.