[Civ. No. 1742.   Second Appellate District.—June 15, 1915.]

## JOSEPH A. CURCI, Appellant, v. JOSEPH LAGOMARSINO et al., Respondents.

CONTRACTS—SALE OF WINERY—RESCISSION—FRAUD—VALUE OF PROPERTY — SUFFICIENCY OF EVIDENCE — FINDING. — In this action to rescind a sale of a one-third interest in a winery and distillery business and to recover the money paid therefor, on the ground of false representations, it is held that the record is sufficient to support the finding that the alleged misrepresentation as to the value of the tangible property of the business was not satisfactorily established; and that it is at least doubtful whether such alleged misrepresentation, even had it been established, would have entitled plaintiff to a rescission of his purchase, in view of the evidence that he was not wholly ignorant of the business, and that he visited the same and spent some time in making an examination thereof.

ID.—MISREPRESENTATION OF VALUE—WHEN STATEMENT OF FACT.— A statement as to the value of property is not always made as a mere expression of opinion upon which the other party has no right to rely. It may be a positive affirmation of a fact, intended as such by the party making it, and reasonably regarded as such by the party to whom it is made. When it is such it is like any other representation of fact, and may be a fraudulent misrepresentation warranting rescission.

ID.—VALUE OF BUSINESS—EVIDENCE—PREVIOUS SALE PRICE.—The exclusion of evidence as to what the business had sold for about three months before the sale in question is not sufficiently erroneous to work a reversal of the judgment, where it is shown by other evidence that the property had changed in the mean time by reason of sales and other changes, and no showing made that the witness knew the price or conditions of the sale.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

H. L. McNair, for Appellant.

O. H. Myrick, and Henry W. Nisbet, for Respondents.

CONREY, P. J.—This action was commenced on June 3, 1912, for the purpose of rescinding a sale made by defendants to plaintiff of a one-third interest in a certain winery and distillery business in the city of Los Angeles, and for the further purpose of compelling the return to plaintiff of the consideration paid by him in purchasing the said one-third interest in the business of defendants. The plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The principal items of alleged false representations claimed by appellant as the basis of his right of action have been determined against appellant upon conflicting evidence and this is admitted by his counsel in his brief, with the one exception upon which he now relies. The plaintiff alleged in his complaint and the defendants admit in their answer that during the negotiation which resulted in plaintiff's purchase of an interest in the described business, the defendants represented to him that the total value of the tangible property of the winery and distillery connected with said business was in excess of the sum of twenty-four thousand dollars. Appellant contends that he established by uncontradicted evidence that this representation of value was made as a statement of fact and not merely of opinion, and that the representation was false.

The only direct testimony concerning the value of the property is that of the witness Bessolo and related to a date seven weeks prior to the transaction between plaintiff and defendants. Plaintiff's interest in the business was purchased by him on April 24, 1912. Bessolo's testimony related to February 1, 1912, at which time the defendants had bought the property and business in question from a brother of the witness Bessolo. This witness testified that at that time it would have cost about twenty-four thousand dollars to newly reproduce the property at the winery on Ord Street, and that it was worth in its then condition sixteen thousand dollars. Between February 1 and April 24, 1912, some sales

of wine had been made and other changes had occurred in the property, some of which would have a tendency to decrease the value of the stock and other of such changes would have a tendency to increase the value. The evidence does not furnish data sufficient to show whether the net result was an increase or was a decrease in value of the entire plant between these dates. There is no evidence showing what were the market values or what fluctuations occurred in the market values of these wines and brandies between February 1st and April 24th. Keeping in mind that the burden of proof was upon the plaintiff to establish fraud in the transaction by proving the falsity of the representation as to value, we think that the record is sufficient to support the court's finding that misrepresentation as to value was not satisfactorily established and that it had not been proved that the value of the tangible property was less than twenty-four thousand dollars.

It is at least doubtful whether the representation which defendants admitted having made would entitle the plaintiff to a rescission of his purchase, even if the value had been fully proved to be less than twenty-four thousand dollars. We agree with the statement cited by appellant and quoted from *Crandall* v. *Parks*, 152 Cal. 772, 776, [93 Pac. 1018] : "A statement as to the value of property is not always made as a mere expression of opinion upon which the other party has no right to rely. It may be a positive affirmation of a fact, intended as such by the party making it, and reasonably regarded as such by the party to whom it is made. When it is such, it is like any other representation of fact, and may be a fraudulent misrepresentation warranting rescission." Although the representation was made that the property had a value of twenty-four thousand dollars and the plaintiff believed that statement, it further appears, and is found by the court, that he was not wholly ignorant of the business in which he was about to become interested. It is admitted that his business elsewhere had been that of a saloon-keeper, which we may assume is not distantly related to the business of selling wines and brandies. The suggestion was made by plaintiff to the defendant Aquilino (who represented both defendants in these transactions) that Aquilino was recommended to him by the mutual friend who had introduced them and that he would

take the word of this mutual friend; to which Aquilino replied that this same friend "recommended me to you in the same way, but let's take things just the way they are." Following this, and upon the suggestion of Aquilino, they visited the winery and spent some time in making an examination thereof. The evidence shows that the defendants were not seeking the plaintiff and urging him to buy into the business. On the contrary, such urgency as appears came from the side of the plaintiff and the defendants did very little more than show the property and fix eight thousand dollars as the price for which they would sell a third interest to the plaintiff. We think that the court was fully justified in its finding upon the facts in issue and its conclusion of law thereon.

Appellant claims that the court erred in sustaining the objection made to a question asked of the witness Bessolo. After this witness testified to the fact that on February 1, 1912, his brother had sold the winery to Aquilino and Lagomarsino, and had given his opinion of value to which heretofore we have referred, he was asked this question: "Q. At what price did your brother sell the winery to Aquilino and Lagomarsino?" Objection being made that the question was irrelevant, immaterial, and incompetent, the objection was sustained. Thereupon plaintiff offered to prove by the witness that on the first day of February, 1912, the property was sold by the witness's brother to the defendants at the price of ten thousand dollars. This offer was rejected, and the objection to the question sustained. In *Montgomery* v. *Sayre,* 100 Cal. 182, 187, [38 Am. St. Rep. 271, 34 Pac. 646], it appeared that the value of land sold was a question at issue, and it was claimed that the court erred in allowing some testimony of the amounts for which the purchaser of the land had sold some parts of it a few months after the sale to him. The court said that "evidence of value for short periods before and after the day in question has been frequently allowed. Its allowance is greatly within the discretion of the court." It was held that under the circumstances of that case the discretion of the court was not abused in admitting the testimony; and that considering the other evidence in the case it would be a matter of too small importance to work a reversal of the judgment, even if it be conceded the ruling was erroneous. So, here, possibly the

court would not have misused its discretion in permitting the offered testimony .as to the price paid by the defendants when they purchased the property as it was on the first day of February, 1912. But in view of the other evidence in the case and the variations in condition of the property which had occurred in the mean time, and in view of the further fact that the plaintiff did not show or offer to show that the witness knew the price or conditions of the sale made by his brother to the defendants, we think that the ruling of the court upon this point would not be a matter of sufficient importance to work a reversal of the judgment, even if it be said that the ruling was erroneous.

The judgment and order are affirmed.

James, J., and Shaw J., concurred.