[L. A. No. 3482. Department One.—January 13, 1916.]

## R. M. TEAGUE, Appellant, v. W. G. HALL, Respondent.

FALSE REPRESENTATIONS—SALE OF NURSERIES—REPRESENTATIONS AS TO NUMBER OF BUDDED TREES—FAILURE OF PURCHASER TO PURSUE MEANS OF KNOWLEDGE—INSTRUCTIONS.—In an action by a purchaser of citrus nurseries containing both budded and unbudded trees, to recover damages for the seller's false representations that the nurseries contained about eighty-five thousand budded trees, it is error to instruct the jury that the plaintiff, having no independent knowledge as to the number of the budded trees, was not entitled to recover for the deceit, notwithstanding he relied on the representations, if he failed to avail himself of the means of knowledge as to the number of such trees that were equally available to both parties.

ID.—RIGHT OF PURCHASER TO RELY ON REPRESENTATIONS.—Where a purchaser is justified in relying, and in fact does rely, upon false representations, his right of action is not destroyed because means of knowledge were open to him. In such a case, no duty in law is devolved upon him to employ such means of knowledge.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

J. Vincent Hannon, for Appellant.

S. V. Landt, for Respondent.

SLOSS, J.—Action to recover damages for deceit. The defendant, Hall, had established citrus nurseries upon two tracts of land held by him under lease. One was known as the Keim nursery and the other as the Yost nursery. On March 28, 1909, the parties entered into a contract whereby Hall sold to Teague all of his interest in these two nurseries in consideration of the sum of thirty-seven thousand dollars, five hundred dollars of this sum to be paid by the conveyance of a certain lot, and the balance to be paid in gold coin in certain installments running over a period of a year and a half or thereabouts. Under the contract, Hall reserved the right to take four thousand lemon trees from the Yost nursery.

The contract contained this clause: "It is understood that there is now in round numbers 60,000 number of budded trees upon the land described in the Keim lease and 25,000 of budded stock on the Yost lease."

It is not claimed that the clause last quoted constituted a warranty. The complaint alleged, however, that at the time of the execution of the contract the defendant, for the purpose of inducing the plaintiff to enter into it, falsely represented that the respective nurseries contained the number of budded trees mentioned in the contract, to wit, sixty thousand in the Keim nursery and twenty-five thousand in the Yost nursery, and that plaintiff, who had no knowledge of the number of trees in the nurseries or either of them, entered into the contract relying on said representations. It was alleged, further, that plaintiff subsequently discovered that there were not over 65,346 budded trees in the two nurseries, and that he had been damaged in the sum of twelve thousand dollars, for which he prayed judgment. At the time of his discovery of the facts, plaintiff had paid the defendant thirty-four thousand dollars of the contract price.

The defendant, in his answer, admitted the making of the contract and the payment of the thirty-four thousand dollars thereunder. He denied all the material allegations regarding fraud. By counterclaim he sought to recover the balance of three thousand dollars due under the terms of the agreement.

The action was tried before a jury, which returned a verdict in favor of the defendant for three thousand dollars. Judgment was entered thereon. The plaintiff appeals from the judgment and from an order denying his motion for a new trial.

On the material issues raised, viz., whether the defendant made the representations alleged, whether plaintiff relied upon them, whether they were in fact false, the evidence was conflicting. This court could not have said that a verdict either way was without substantial and adequate support.

The main ground urged for reversal is founded on the instructions given by the court with relation to the plaintiff's duty to show that he was in fact deceived by the alleged misrepresentations. In this connection the court said to the jury: "In order that the plaintiff may recover, it is necessary that he show to the jury by a preponderance of the evidence first, that Teague had no independent knowledge of his own

as to the number of budded trees and did not have the means at hand to acquire such knowledge, or, having the means at hand, was prevented by defendant from availing himself of them.'' And further, on the same subject, ''Matters equally within the knowledge or means of knowledge of both parties furnishes no ground for relief unless in the latter case the one party is prevented by the act of another from using his means of knowledge. It is a general principle that if the means of knowledge be at hand and equally available to both parties, and the subject matter be open to inspection of both alike, and there be no fiduciary and no confidential relations and no warranty of the facts, the injured party must show that he has availed himself of the means of information existing at the time of the transaction before he will be heard to say that he was deceived by the misrepresentation of the other party.'' The rule thus laid down is not qualified by any other instruction.

We think it must be held that the court erred in directing the jury, as it did in effect, that a party who has relied upon a misrepresentation made by another and has suffered injury thereby is precluded from recovering, if he had an opportunity, and did not avail himself thereof, to test the truth of the representations by independent investigation. Some of the earlier cases state the rule in this broad way, but, as Mr. Bigelow says in his work on Fraud, volume 1, page 523, ''the proposition has now become very widely accepted at law as well as in equity, at least as general doctrine, that a man may act upon a positive representation of fact, notwithstanding the fact that the means of knowledge were specially open to him. . . . '' Similarly in Pomeroy, Equity Jurisprudence, section 896, it is said that ''whenever a positive representation of fact is made, the party receiving it is, in general, entitled to rely and act upon it, and is not bound to verify it by an independent investigation. Where a representation is made of facts which are or may be assumed to be within the knowledge of the party making it, the knowledge of the receiving party concerning the real facts, which shall prevent his relying on and being misled by it, must be clearly and conclusively established by the evidence. The *mere existence of opportunities* for examination, or of sources of information, is not sufficient, even though by means of these opportunities and sources, in the absence of any repre-

sentation at all, a constructive notice to the party would be inferred; the doctrine of constructive notice does not apply where there has been such a representation of fact.''

This view of the law has been repeatedly declared in the decisions in this state. In *Ruhl* v. *Mott*, 120 Cal. 668, 676, [53 Pac. 307], the court says, ''it is true that where one is justified in relying, and in fact does rely upon false representations, his right of action is not destroyed because means of knowledge were open to him. In such a case, no duty in law is devolved upon him to employ such means of knowledge.'' The same doctrine is declared in *Bank of Woodland* v. *Hiatt*, 58 Cal. 234; *Wenzel* v. *Schulz*, 78 Cal. 221, [20 Pac. 404]; *Morris* v. *Courtney*, 120 Cal. 63, [52 Pac. 129]; *Dow* v. *Swain*, 125 Cal. 674, pp. 683, 684, [58 Pac. 271]; *Maxon-Nowlin Co.* v. *Norswing*, 166 Cal. 509, 512, [137 Pac. 240]; *Eichelberger* v. *Mills L. & W. Co.*, 9 Cal. App. 628, [100 Pac. 117].

The nursery involved in the sale by defendant to plaintiff contained both budded and unbudded trees. The alleged misrepresentation referred only to the number of budded trees. The exact or even the approximate number of such trees could have been ascertained only by some form of computation or count. Under the instructions of the court the jury would naturally understand that if the plaintiff had an opportunity to make such a count and did not do so, he would be precluded from complaining of any misrepresentations, although he may in fact have relied upon them. The plaintiff testified, and the jury had the right to believe, that it would have taken a week to count the trees. The jury, accepting this evidence, might well have concluded, if instructed in accordance with the authorities above cited, that the plaintiff was justified in relying on defendant's positive representation (if he made one), without taking the time to verify its truth. But under the instructions which were given, it is quite possible that the jury, while believing that the defendant had made the representation as alleged, that it was false, and that plaintiff had relied and acted upon it to his injury, nevertheless denied him recovery because they believed that he had had an opportunity to count the trees before making the contract, and had not availed himself of such opportunity. In this state of the case, the error in the instruc-

tions cannot be treated as one which was not productive of prejudice.

The plaintiff also assigns as error certain rulings in the admission and rejection of evidence. No authorities are cited in support of his contentions in this regard, and we do not find in such rulings any substantial ground for complaint.

The judgment and the order appealed from are reversed.

Shaw, J., and Lawlor, J., concurred.