[Civ. No. 5209. First Appellate District, Division One.—January 20, 1927.]

ELIZABETH W. Z. DICKEY, Administratrix, etc., Respondent, v. BURT A. DUNN, Appellant.

[1] VENDOR AND VENDEE—RESCISSION—FRAUDULENT REPRESENTATIONS —INSPECTION OF PROPERTY—MEANS OF KNOWLEDGE.—The right of a vendee to rescind a contract for the sale of real property on the ground of fraud and misrepresentation is not destroyed because he visited the property before the transaction was consummated and means of knowledge were open to him, where he had no knowledge of soil conditions and was without sufficient experience to determine the truth of the representations, and he relied upon the representations of the vendor and his agent both as to the value and character of the property.

[2] ID. — CHARACTER OF SOIL — WATER SUPPLY — REPRESENTATIONS OF FACT.—Statements as to the character of soil of farming land and as to the water supply thereon are representations of fact.

[3] ID.—VALUE—AFFIRMATION OF FACT.—A statement as to value is not always made as a mere expression of opinion, but may be a positive affirmation of a fact, intended as such by the party making it, and reasonably regarded as such by the party to whom it

---

1. See 25 **Cal.** Jur. 542; 27 **R. C. L.** 360.
2. See 25 **Cal.** Jur. 544.
3. See 27 **R. C. L.** 377.

is made; and when it is such it is like any other representation of fact, and may be a fraudulent representation warranting rescission.

[4] ID.—CONSTRUCTION OF STATEMENT—PROVINCE OF TRIAL COURT.— Where there is a doubt as to whether or not such representation as to value was intended and understood as the expression of an opinion or a statement of fact, the question is one for determination by the trial court.

[5] ID.—AGENCY—EVIDENCE—FINDING.—In this action to rescind a contract for the exchange of real property on the ground of fraud and misrepresentation, although there was no written authority of a certain real estate agent to act for defendant, the evidence having shown that defendant alone paid for the services rendered by said agent, that defendant was accompanied by said agent at the time he (defendant) went to see plaintiff, and that when the latter inspected the land in question, defendant being then absent, said agent was present, the trial court was justified in finding that said real estate agent was acting for defendant and not merely as a middleman.

[6] ID.—EVIDENCE—EXPERT WITNESSES—OBSERVATIONS ON PROPERTY. In such action, certain witnesses, although not shown to be experts, were properly permitted to testify as to their observations made on the property as to the existence of hardpan and as to the number of replanted trees thereon as compared with those on neighboring lands.

[7] ID.—OWNERSHIP OF LAND—PRICE PAID—EVIDENCE.—In such action, where a witness for the defendant, who testified that she was the owner of a lot in the tract wherein the property in question was situated, was not familiar with the prices of land in the immediate vicinity, the trial court did not err in sustaining plaintiff's objection to a question, asked on direct examination, as to the price paid by said witness for her property.

[8] ID. — LACHES — EVIDENCE — FINDING. — In such action, although a period of approximately two years elapsed between the time plaintiff took possession and the time notice of rescission was given and the action filed, in view of the circumstances shown by the evidence as to when and the manner in which plaintiff was apprised of the facts, it could not be said that plaintiff failed to act with reasonable promptness.

---

(1) 26 C. J., p. 1151, n. 82, p. 1154, n. 99.   (2) 26 C. J., p. 1202, n. 24, p. 1203, n. 47; 39 Cyc., p. 1268, n. 66.   (3) 26 C. J., p. 1218, n. 3; 39 Cyc., p. 1271, n. 86.   (4) 27 C. J., p. 74, n. 69.   (5) 2 C. J., p. 954, n. 83; 22 C. J., p. 376, n. 21.   (6) 22 C. J., p. 536, n. 66 New. (7) 22 C. J., p. 580, n. 87.   (8) 9 C. J., p. 1257, n. 40, p. 1258, n. 54.

4.   See 25 Cal. Jur. 547.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. T. A. Norton, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kaufman & Martell for Appellant.

Webster & Lyon for Respondent.

CASHIN, J.—An appeal from a judgment rescinding an assignment of a contract for the sale of real property executed by appellant Dunn, and a conveyance of like property by plaintiff Zimmerman. Subsequent to the taking of the appeal Zimmerman died and Elizabeth W. Z. Dickey, as administratrix of his estate, was substituted as respondent therein. The appeal is presented on the judgment-roll with a bill of exceptions, specifying as grounds for reversal an insufficiency of evidence to sustain the findings and rulings by the court in admitting and rejecting certain testimony.

It appears without conflict that on March 7, 1921, appellant was the owner of a contract for the purchase of a five-acre tract of land in San Luis Obispo County, the purchase price being the sum of $2,000, of which the sum of $500 had been paid. Appellant had improved the property by the erection thereon of a dwelling-house and certain outbuildings. A well had been sunk thereon in which was installed a pump and a motor engine, and the land planted with prune trees. The plaintiff, who was the owner of a lot in the city of Los Angeles upon which was erected his dwelling-house, wished to purchase country property, and to that end communicated with a real estate agent named Schutte, who resided in San Luis Obispo County. Shortly thereafter appellant, who also resided in the latter county, stated to the agent his wish to sell his interest in the five-acre tract in question, and being apprised by the latter of the communication from the plaintiff, went to Los Angeles and commenced negotiations, which led to an exchange of the properties.

It was alleged and found that, as the inducement to the purchase of appellant's interest, the latter represented the property to be of the value of $5,000, the land to be productive, free from hardpan, adapted to the raising of fruits

and vegetables, and that the well thereon furnished an abundance of water fit for human consumption. It was further found that the property did not exceed in value $2,000, and that the representations alleged were, and were known to the appellant to be, untrue; that plaintiff, due to his lack of experience in the buying of farm and orchard property, knew nothing of the character and worth of the property, and relied wholly upon the representations made, all of which was known to appellant, and that the purchase was induced thereby.

Plaintiff, as the consideration for the transfer of his property, received the assignment mentioned and the sum of $300. ·After taking possession he expended the sum of $412.85 in an attempt to increase the water supply and in replacing fruit trees which, as may fairly be inferred from the evidence, died as the result of the presence of hard-pan beneath the surface of the soil. These sums, less the amount received as above, were allowed as part of the judgment.

[1] The evidence shows that the plaintiff, who was by trade a watchmaker, had no knowledge of soil conditions and was without sufficient experience to determine the truth of the representations. Where a purchaser is justified in relying, and in fact does rely, upon false representations his right of action is not destroyed because means of knowledge were open to him (*Teague* v. *Hall,* 171 Cal. 668 [154 Pac. 851]), and while it appears that the plaintiff visited the property before the transfer was made, the evidence sufficiently supports the finding that he relied upon the representations both as to its value and character. [2] The statements as to the character of the soil and as to the water supply were clearly representations of fact (*French* v. *Freeman,* 191 Cal. 579 [217 Pac. 515]; *Stone* v. *McCarty,* 64 Cal. App. 158 [220 Pac. 690]). [3] A statement as to value is not always made as a mere expression of opinion. It may be a positive affirmation of a fact, intended as such by the party making it, and reasonably regarded as such by the party to whom it is made; and when it is such it is like any other representation of fact, and may be a fraudulent representation warranting rescission (*Crandall* v. *Parks,* 152 Cal. 772 [93 Pac. 1018]). [4] Where there is a doubt as to whether or not such representation was in-

tended and understood as the expression of an opinion or a statement of fact the question is one for determination by the trial court (*French* v. *Freeman, supra; Stockton* v. *Hind,* 51 Cal. App. 131 [196 Pac. 122]).

[5] Evidence of certain representations made by Schutte, the real estate agent, was admitted over appellant's objection that the evidence was insufficient to show that the former was acting as agent for appellant in the transaction. While it appears that no written authority to act was given by appellant it was shown that the latter alone paid for the service rendered; that he was accompanied by the agent to Los Angeles, where both met the plaintiff, and that when the latter inspected the land in question, appellant being then absent, the agent was present. The evidence was sufficient to sustain a finding that the latter was acting for appellant and to negate the contention that he was merely a middleman.

[6] Certain witnesses, who were not shown to be experts, testified over appellant's objection to their observations made on the property as to the existence of hardpan, and one as to the number of replanted trees thereon as compared with those on neighboring land. This testimony was relevant, related to observed facts and was properly admitted.

[7] A witness called by appellant, who testified that she was the owner of a lot in the tract wherein the property in question was situated, but was not familiar with the prices of land in the immediate vicinity, was asked on direct examination to state the price paid for her property. An objection to the question was properly sustained (*Central Pacific R. R. Co.* v. *Pearson et al.,* 35 Cal. 247; *Spring Valley W. W.* v. *Drinkhouse,* 92 Cal. 528, 532 [28 Pac. 681]; *Freitas* v. *Suisun City,* 170 Cal. 263, 267 [149 Pac. 553]; *Estate of Ross,* 171 Cal. 64, 66 [151 Pac. 1138]; *Reclamation Dist.* v. *Inglin,* 31 Cal. App. 495, 500 [160 Pac. 1098]).

[8] Appellant further contends that the right to relief is barred by laches. The evidence shows that plaintiff took possession during the month of March, 1921. The notice of rescission was given and the action filed April, 1923. The plaintiff testified that during the spring and summer of 1922 approximately 150 of the trees died; that in the course of their removal and after consulting neighboring

farmers as to the cause of the condition he became apprised of the extent to which the soil was underlaid by hardpan. The exact date when he became fully aware of the fact does not clearly appear, but the evidence supports the inference that this was not earlier than the fall of that year. We think that in view of the circumstances shown by the evidence it cannot be said that the plaintiff failed to act with reasonable promptness. As was said in *French* v. *Freeman, supra,* "Whether or not the party defrauded has rescinded promptly will depend upon all the circumstances of the particular case, and is of course a question primarily for the trial court." The implied finding in this connection was adverse to appellant; and this, together with the other findings being fairly sustained by the evidence, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.