[Civ. No. 3559. Third Appellate District.—October 2, 1928.]

JAMES POOLEY FAULL et al., Appellants, v. S. A. JOHNSON et al., Respondents.

Todd, Pawson & Watkins for Appellants.

W. I. Gilbert and E. G. MacAdams for Respondents.

FINCH, P. J.—In the year 1919 Nancy E. Farlow entered into a contract to sell 264 acres of land in Fresno County to E. J. DeMasters. In January, 1920, Joseph E. Trembley, William R. Trembley, Claude H. Trembley, and Frank Trembley acquired all of the purchaser's rights under the contract. January 2, 1922, the Trembleys entered into an agreement to sell 47 acres of the land to O. E. Hillyard for $19,500, $4,700 thereof to be paid on or before December 1, 1930, and sixty per cent of the gross proceeds received from the sale of all crops grown or produced upon the premises during and after the year 1924 to be applied on the purchase price until the whole of the remainder was paid, the deferred payments to bear interest at seven per cent per annum. Thereafter the defendants acquired the rights of the Trembleys under the Hillyard contract. September 15, 1924, the defendants agreed to convey such rights to the plaintiffs in exchange for valuable real property in Long Beach. Subsequently both parties executed conveyances consummating the exchange. The Trembleys failed to make the payments due under their contract of purchase of the larger tract and by reason thereof, early in 1925, all their rights under that contract and the rights of the plaintiffs

under the Hillyard contract were canceled by decree of court. February 9, 1925, the plaintiffs gave notice of recission and, the defendants refusing to rescind, this action was commenced on the following day. As grounds for rescission the complaint alleges a number of false representations alleged to have been made by the defendants and to have induced the plaintiffs to make the exchange, of which the following only need be considered:

1. That the property described in the Hillyard contract was of the value of $27,500, whereas its true value was only $7,000.

2. That Hillyard had made a payment of $2,000 on the contract price when in fact he had made no payment thereon.

3. That the "Trembleys were worth the sum of $150,000 and were able . . . to keep their contract under which they were purchasing the land . . . in full force and effect and not permit the same to become delinquent," whereas they "were not worth the sum of $150,000 and were financially unable to keep said contract in full force and effect."

At the close of the plaintiffs' case the court granted defendants' motion for a nonsuit and the plaintiffs have appealed.

The plaintiffs introduced evidence clearly showing, if true, that the foregoing representations were made and that plaintiffs were induced thereby to make the exchange of properties. Witnesses for the plaintiffs testified that the Hillyard land was worth only $8,000 or $9,000. The testimony shows without contradiction that Hillyard had paid nothing whatever on his contract of purchase. It appears from the evidence that the Trembleys were financially unable to make the payments as they became due under their contract to purchase the larger tract, but it was not shown that they were not worth $150,000.

In granting the motion for a nonsuit the trial court, referring to the Hillyard tract of 47 acres, said: "The testimony of the various witnesses seems to indicate that it was worth around eight or nine thousand dollars." The court took the view, however, that the representation that it was worth $27,500 was a mere expression of opinion and that because the plaintiffs had an opportunity to examine the

property they were not justified in relying upon the false representation as to its value.

Plaintiff James Pooley Faull conducted the negotiations on the part of himself and wife for the exchange of the properties. He testified that he had had no previous experience in buying agricultural land; that he did not "know anything about agricultural land"; and that he depended on the alleged representations "as to the value of this land." In company with one of the defendants, he was once upon the land for "an hour or an hour and a half possibly," but he made no independent investigation as to its value.

■ The evidence is sufficient to warrant the inference that the alleged representations as to value were not mere expressions of opinion but positive statements of fact. (*Harris* v. *Miller*, 196 Cal. 8, 15 [235 Pac. 981] ; *French* v. *Freeman*, 191 Cal. 579, 585 [217 Pac. 515] ; *Powell* v. *Oak Ridge Orchards Co.*, 84 Cal. App. 714 [258 Pac. 636] ; *Dickey* v. *Dunn*, 80 Cal. App. 724, 727. [252 Pac. 770] ; *Stone* v. *McCarty*, 64 Cal. App. 158, 167 [220 Pac. 690].)

■ In passing upon a motion for a nonsuit, every favorable inference fairly deducible from the evidence must be considered as a fact proved in favor of the plaintiff. (*Estate of Arnold*, 147 Cal. 583, 586 [82 Pac. 252].) ■ Plaintiffs having relied on the representations made by the defendants, they were under no obligation to investigate the truth thereof. (*French* v. *Freeman, supra; Dickey* v. *Dunn, supra.*) The fact that the plaintiffs may have had an opportunity to investigate the truth of the representations made by the defendants does not preclude a recovery. (*Teague* v. *Hall*, 171 Cal. 668, 670 [154 Pac. 851].)

■ The trial court also stated that the representation that Hillyard had made a payment of $2,000 on the contract of purchase was immaterial. Faull testified that he said, in a conversation with defendant Eby, that "there is one good feature of this contract, and that is that Mr. Hillyard has paid $2,000 cash on it, whereas he had until 1930 before he had to make any cash payments except the interest," to which Eby replied: "He got that money, I think, from the sale he made of a little piece of property up in that country somewhere." Eby denied that he made such statement, but he testified that he credited the $2,000 payment

on the contract without any part thereof having been made. It appears from other testimony that this credit was made during the negotiations with plaintiffs.

The alleged representations were all material. The statement that the Trembleys were worth $150,000 was in the nature of an assurance that they were financially able to complete their purchase of the 264 acres of land, included in which was the Hillyard tract. Their failure to acquire title meant the certain destruction of Hillyard's title. The Hillyard tract constituted the security, if the Trembleys fulfilled their contract, for the payment to the plaintiffs of the amount unpaid on the Hillyard contract, and it is self-evident that the value of the security for an indebtedness is a material matter. A payment by Hillyard of $2,000 in cash long before it was due under his contract of purchase would not only indicate a thrifty debtor, but the fact of putting that sum of money into the property would act as an inducement for him to complete the purchase by paying the remainder of the purchase price.

The representation that the Trembleys were worth $150,000 may be dismissed from consideration on account of want of proof as to its falsity, but the proof of the other representations mentioned and their falsity is such as to show clearly that it was error to enter a judgment of nonsuit. "The misrepresentation of even a single material fact upon which the plaintiffs had a right to and did rely will suffice to support plaintiffs' cause of action." (*Harris* v. *Miller, supra.*)

The trial court seems to have been of the opinion that because "there was a delay of about 20 days before any notice of rescission was given" the plaintiffs were guilty of laches. The evidence does not show that the defendants suffered any injury on account of this short delay and it is clear that such delay was not unreasonable. (*French* v. *Freeman, supra; Powell* v. *Oak Ridge Orchards Co., supra; Dickey* v. *Dunn, supra; Stone* v. *McCarty, supra.*)

The judgment is reversed.

Hart, J., and Plummer, J., concurred.