[Civ. No. 707. Fourth Appellate District.—June 4, 1931.]

JESSE B. PAYNE et al., Appellants, v. ARCH J. CLOW et al., Respondents.

C. M. Johnson for Appellants.

C. F. Culver for Respondents.

LAMBERSON, J., *pro tem.*—Appellants, who are the plaintiffs, seek to foreclose two mortgages, each for the principal sum of $2,250 with interest, together with some small amounts paid by them on street improvements bonds. The mortgages were executed by the defendants and respondents as part of a transaction wherein the latter exchanged twenty acres of vineyard land near Orosi, in Tulare County, where they had resided for about nine years prior to April 1, 1925, for a lot sixty (60) feet in width near Broadway and One Hundred and Fifth Streets in the county of Los Angeles, the property being at the time of the transaction outside of the city of Los Angeles. Each of the mortgages was dated April 1, 1925, and one of them covered the east thirty (30) feet of the lot mentioned, and the other covered the west thirty (30) feet of said lot.

By their answer respondents alleged that they knew nothing of conditions or values in the city of Los Angeles; that appellant Jesse B. Payne, for the purpose of inducing them to exchange their property, fraudulently represented that the two half lots were of the value of $9,000; whereas, their actual value was not in excess of $5,000. That said appellant represented that a lot at the corner of One Hundred and Fifth Street and Broadway, and adjacent to the parcels which were exchanged, was of the value of $15,000, whereas, said lot was of a value of not more than

$3,000; also that the houses and parcels which were conveyed to respondents by the appellants, had a total rental value of $90 per month, whereas said rental did not exceed $40 per month; that appellants represented that the houses were connected with the sewer system, while in fact they were connected only with inadequate cesspools; that they were free and clear of encumbrances and would be free from assessments, whereas the property was subject to several street improvement liens; that each of the houses upon the property were well constructed and had each cost the sum of $2,500 to construct; whereas, on the other hand, they were very cheaply constructed and had cost only $1300. The respondents prayed for damages in the sum of $4,500.

The court found that about April 1, 1925, the parties to the action entered into an agreement for the exchange of their respective properties, which agreement was secured by the fraudulent representations of the appellant Jesse B. Payne; that the value of the property delivered by appellant was $5,000 and no more; that the rental value of the property was $50 per month; that the houses were not connected with the sewer, were not well constructed, did not cost $2,500 each to build, but on the other hand, cost only $1475 apiece; that the representations were made with the intent to deceive the respondents and that the value of the Tulare County property at the time of the agreement was $6,750; that said property was subject to a mortgage of $2,250.

The court entered its decree for the foreclosure of the mortgages, but adjudged that the respondents were entitled to an offset of $4,000, being the amount in which the respondents were damaged by the false representations of appellants.

An examination of the entire record convinces us that the evidence amply sustains the findings. It appears that shorty before April 1, 1925, the mother of one of the respondents, knowing that they wanted to live in Los Angeles and wanted income-bearing property there, became acquainted with the appellant Jesse B. Payne and learned of the possibility of making an exchange for his property. She advised the respondents of such possibility, and they went to Los Angeles, where they became acquainted with

Mr. Payne and looked at the lots and houses in question upon several occasions. They were strangers to Los Angeles valuations and rentals, as well as ignorant of building construction. The two houses had recently been completed, and the testimony of the respondents was that the two houses seemed to be in good condition as far as they could see, and were attractive in appearance, but numerous defects in the construction developed after the respondents entered into possession.

An agreement was made that the appellant Jesse Payne should go with the respondent Arch J. Clow to Tulare County and look at the property there. There is some testimony to the effect that a written agreement, which had been lost before the time of trial, had contained provisions to the effect that each party was to investigate his property, and the real estate broker was not to be held liable in any way. It is contended by appellants that a real estate man named Wood acted as agent for respondents and advised them as to the value of the property, but the evidence does not sustain such contention. He appeared to have acted more as a scrivener who drew up the mortgages and other instruments necessary to the transaction prior to placing the matter in escrow, and after appellant Payne and respondent Clow had returned from their trip to Tulare County.

Appellants contend that the respondents made an independent investigation of the property which was conveyed to them and that therefore they are foreclosed from raising any objection as to the representations made by the appellants.

In support of this contention appellants cite the cases of *Hackleman* v. *Lyman,* 50 Cal. App. 323 [195 Pac. 263], and *Standard Bond & Mortgage Co.* v. *Boyd,* 86 Cal. App. 535 [261 Pac. 744], which support the principle that where a purchaser undertakes to make an independent investigation or seeks independent advice and the seller does nothing to prevent or hinder an investigation being full and complete, the purchaser will be presumed to have relied, not upon the representations of the seller, but upon his own judgment in making the purchase. The two cases cited do not apply to the case under consideration. Respondents were ignorant of certain matters which were necessary to

give them a full understanding of the situation, and a casual examination of the premises such as they made was not sufficient to give them this information. ▮ It is fundamental, in the first place, that the misrepresentation of a single material fact by the seller of real property, and upon which the buyer has a right to rely, will suffice to support a complaint that the buyer was injured by such representation. (*Harris* v. *Miller,* 196 Cal. 8 [235 Pac. 981].)

▮ The mere existence of opportunities for an examination, or sources of information, is not sufficient to place upon the buyer the obligation or burden of verifying the truth of the representation made by the seller. (*Eichelberger* v. *Mills Land etc. Co.,* 9 Cal. App. 628 [100 Pac. 117]; *Faull* v. *Johnson,* 94 Cal. App. 230 [270 Pac. 993]; *French* v. *Freeman,* 191 Cal. 579 [217 Pac. 515].)

In the last-cited case it is said: "If the defrauded party is not competent to judge the quality of the land, we do not see that it can make any difference whether or not he actually visits the premises. Assuming that if plaintiff had not visited the land he would be entitled to rely upon the representations, it would be unreasonable to say that he would not likewise be entitled to rely upon the representations, even though he visited the land, if, as a matter of fact, by reason of his inexperience and ignorance, he was incompetent to judge the quality of the soil."

▮ In the instant case the casual visits of the respondents to the property would not amount to inspections thereof. They were ignorant of building construction and had no information or means of informing themselves as to the truth of the statements made by the appellant Jesse Payne as to the cost of the structures and no means of detecting defects which afterward developed in the building. One witness, a carpenter and builder, testified that he entered into a contract for the construction of the two buildings for the total contract price of $2,850. There was testimony to the effect that the appellant Jesse Payne stated that he had built the new houses; that his business was buying lots, building houses and selling them to people. His statement as to values was not a mere expression of opinion, but was a statement of a material fact upon which the respondents had a right to rely. (*Palladine* v. *Imperial*

*Valley etc. Assn.*, 65 Cal. App. 727 [225 Pac. 291]; *French v. Freeman, supra.*)

For the foregoing reasons the judgment is affirmed.

Jennings, Acting P. J., and Marks, J., concurred.