[Civ. No. 4883.   Third Appellate District.—June 22, 1933.]

FRANCES DEWEY RETON, Respondent, v. J. D. MILLAR REALTY COMPANY (a Corporation), Appellant.

L. B. Stanton for Appellant.

James E. Fenton, Harold D. Geffen and Ralph W. Swagler for Respondent.

TUTTLE, J., *pro tem.*—Appellant appeals from a judgment rescinding a contract for the sale of real property, and providing for the reimbursement of the plaintiff in said action in the sum of $1874.05.

On May 29, 1926, plaintiff entered into a contract with appellant for the purchase of a lot in the City of Hermosa Beach. The purchase price was fixed at $6,000. Three hundred dollars was the initial payment, and a similar amount was to be paid on June 6, 1926, and on August 29, 1926. Thereafter $60 per month was to be paid, until the balance of the purchase price was discharged. Interest was

fixed at seven per cent and the buyer assumed the payment of all taxes and assessments.

Plaintiff paid all of the $300 payments upon the purchase price and in addition made expenditures for taxes and interest. The money judgment allowed her was the total of these items.

The alleged false representations upon which rescission was adjudged were as follows:

1. That the lot was of the market value of $6,000.

2. That immediately appellant would procure a lessee who would lease the lot for a rental sufficient to pay all payments under the contract.

3. That appellant would pay rental for the site of its tract office on the lot as long as it remained there, in an amount sufficient to pay all interest payable on the contract.

The trial court found that the value of the lot never was $6,000, and that it was not worth any amount in excess of $4,000; that appellant did not, at the time the contract was entered into, intend to procure a lessee for said lot, and that said promise was made without the intention of performing the same; that appellant did not, while its tract office was upon said lot, pay any interest upon the contract, and that its promise to pay for the use and occupancy of the lot for the purpose of a tract office was made without any intention of performing the same; that said representations were made fraudulently, for the purpose of inducing plaintiff to enter into said contract.

Respondent, a widow fifty years of age, came to Southern California in July, 1925. She had never had any business transactions prior to coming to California. She was solicited to go to Hermosa Beach and look over the property of appellant. Upon her arrival there she was given a luncheon and attended a "lecture" by a Mr. Lashley, who pictured in the glowing and inimitable phraseology of a resident of the southland, the advantages of purchasing this property. Thereafter she was introduced to a Mr. Nolan, agent of appellant, who made the representations mentioned and secured her name to a preliminary contract with the terms as indicated. Nolan went on to state that "if you can pay one or two or three months, I will get you a lessee who will come in here and lease this property, and he will come in and put up a chicken dinner place here". Respond-

cnt replied: "I will have to rely entirely upon your judgment." Nolan's reply was: "You can rely upon my judgment, and it is a fact that this property is worth more than they are asking, and if you want to make some money this is the property for you to make money on by investing in it."

On August 29, 1926, a second and formal contract was entered into with the trustees for appellant, the terms and conditions being identical with those of the preliminary contract of May 29, 1926. It seems to be conceded by all parties that this second contract took the place of the first informal contract, which was more in the nature of a receipt.

■ The sufficiency of the evidence to support the findings is challenged. We have examined the record and find that there is ample testimony to sustain these findings. The argument of appellant is based upon the theory that we can weigh the evidence here, and pass upon the credibility of the witnesses who appeared before the trial court. Upon the question of the value of the lot, appellant says, for instance, that a deputy assessor who testified for plaintiff "had no knowledge of market prices or sales; he had figures on values for assessment purposes and gave what must be considered as his personal opinion on a fair market value". The testimony of plaintiff's witnesses is characterized as "purely theoretical, conjectural and personal". It requires no citation of authorities when we state that an appellate tribunal is absolutely foreclosed from projecting any inquiry into such matters, which are peculiarly within the exclusive province of the trial court. There is no merit in the attack upon the finding, based upon their lack of evidentiary support.

■ Appellant contends that the representations as to value were merely matters of opinion, and hence not actionable. ■ It is true that a bare and naked statement as to value is ordinarily deemed the opinion of the party making the representation. (*Meeker* v. *Cross*, 59 Cal. App. 512 [211 Pac. 229].) On the other hand, such statement may be a positive affirmation of a fact, intended as such by the party making it, and reasonably regarded as such by the party to whom it is made. When it is such, it is like any other representation of fact, and may be a fraudulent representation warranting rescission. (*Crandall* v. *Parks*, 152

Cal. 772 [93 Pac. 1018].) The representations as to value in the instant case are very similar to those made in the latter case. For instance, Nolan, the agent for appellant, stated to plaintiff: "I can assure you that *I know that it is a fact* that this property is priced very, very reasonable, and in fact it is worth more than the company is asking for it." Such representations as to value will warrant a rescission.

The other two "representations" are really promises made without any intention of performing them. This constitutes actual fraud under the provisions of section 1572, subdivision 2, of the Civil Code. The essence of the fraud, under such circumstances, is not the breach of the promise, but the fraudulent intent not to perform. The subsequent conduct of appellant is sufficient in this case to show that there was no intention to perform the promises.

The contention that plaintiff was guilty of laches is likewise without merit. The trial court found against appellant upon this issue. While considerable time elapsed between the execution of the contract and the service of the notice of rescission, there were many facts and circumstances which appear in the record and which would tend to excuse the failure of plaintiff to take *immediate* steps to rescind, and which are sufficient to form the basis for the finding upon this question. Furthermore, laches is only available as a defense when it appears that the delay has prejudiced the rights of the opposing party, or others. (*Newport* v. *Hatton*, 195 Cal. 132 [231 Pac. 987].) Appellant here has made no showing of prejudice, as a result of the delay of which it complains.

Other points raised by appellant have been considered, but they are devoid of substantial merit and hence no discussion of them is necessary.

No sufficient cause having been shown for disturbing the judgment, it is accordingly affirmed.

Pullen, P. J., and Plummer, J., concurred.